## MALE v COLGATE PALM OLIVE CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 4, 1932

Kaufman & Neiman, Youngstown, for plaintiff in error.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant in error.

FARR, J.

There have been many decisions upon similar questions and they are of interest here because they reflect to a considerable degree upon the issue involved. A case to which attention is called is that or Juset v J. I. Case Threshing Machine Company, 120 Fed., 865. The second proposition of the syllabus reads as follows:

"An act of negligence of a manufacturer

or vendor which is imminently dangerous to human life or health, and occurs in the preparation or sale of articles like foods and poisons, whose primary use is to preserve, destroy or affect life and health is actionable by parties who have no contractural relations with the manufacturer or vendor."

It would seem that this case announces the principle which has been recognized throughout many jurisdictions, relating to injuries sustained by sub-vendees from an article manufactured by a company, then sold for use to a vendor who sells to such sub-vendee. Still another case reflecting upon the issue under consideration is the case of Hasbrouck v Armour & Company, 121 NW, 158. The ninth proposition of the syllabus reads as follows:

"A manufacturer of toilet soap guaranteed its purity and harmlessness and freedom from harmful ingredients or foreign injurious substances. It unintentionally and negligently dropped a needle in the mixture and the needle became imbedded in the soap and a user thereof was injured thereby."

It will be observed how very similar this case is to the case at bar, and it was:

"Held, that the manufacturer was not liable for the injuries, since its unintentional and negligent act of dropping the needle in the mixture was a remote possibility and the serious injury resulting therefrom to persons using the soap was an unusual consequence."

Perhaps it should be stated now that the apparent line of demarcation between the cases recognizing liability and those which do not, is this, that where a manufacturer uses ingredients which are inherently dangerous and to his knowledge are such, then liability results as against the manufacturer, because he has knowledge of the fact that he is using a substance which is inherently dangerous to life or health.

Another case cited to sustain the view of the claimant is that a manufacturer of coats used an ingredient in the fur collar which was poisonous and which was used with the knowledge of the manufacturer and therefore liability resulted to the person injured by poison in the fur. However, in the instant case the Palm-Olive Company was the manufacturer of soap. It is not claimed in this case that any ingredients were used in the manufacture which were inherently dangerous to life and health. By some untoward event or accident a piece of glass fell into the ingredients from which the soap was manufactured. It became imbedded in the cake of soap without the knowledge of the Palm-Olive Company, and it would seem that the cases exempting such manufacturer from liability could be and should be properly applied in the instant case.

Another case of interest is Armstrong Packing Company v Clem, 151 SW, 576. The second proposition of the syllabi reads:

"Where a manufacturer of soap, knowing that poisonous and injurious substances were necessary in its preparation and that if not neutralized in manufacturing, injury was liable to result from its use, placed it upon the market and injury resulted from its use, these facts sufficiently showed failure to use care in its manufacture to render it liable."

And that is the statement of the principle to which reference was just made. Another case is Barrango v Hinckley Rendering Company, 119 NE, 746. In the third proposition of the syllabi it is held:

"The doctrine of res ipsa loquitor does not apply in an action of tort against a rendering company to recover for personal injuries received while using a bar of soap sold by the company in which a needle had been embedded."

It seems that needles sometimes get into soap bars. However, regardless of the fact whether the maxim of res ipsa loquitor, and it is a maxim, not a doctrine, applies in the instant case is not of particular moment. The maxim of res ipsa loquitor being construed is simply "presumptive negligence," or the presumption of negligence, therefore the instant case in its conceded setting of facts presents a situation which does not create liability against the manufacturer. Then it becomes unimportant whether the maxim applies in the instant case.

Another case of interest is to be found in the 111 NE, page 1050, MacPherson v Buick Motor Company, where the fourth proposition of the syllabi reads as follows:

"In order to make the manufacturer liable for defects in goods sold, he must have knowledge that in the usual course of events the danger will be shared by others than

the buyer, although mere knowldege alone is insufficient to create his liability."

The doctrine there announced seems to go a step farther than some of the other cases, and yet it reflects directly upon the instant case. And lastly, a case of interest is that of Jaroniec v Hasselbarth, Inc., 228 N. Y. Supp., 302.

Thus it will be seen that the strong weight of authorities is to the effect that where a manufacturer produces an article which he knows is inherently dangerous to life or health, then it does not matter whether the contractural relation exists or not. Liability attaches in favor of a person injured, but where a manufacturer produces a product which is not within itself inherently dangerous to life or health, and by some unforseen event or accident a dangerous instrument is introduced or becomes embedded in the product, then there is no liability attaching to the manufacturer.

The manufacturer was sued in the instant case. The vendor was not joined as a party to the suit by the sub-vendee. Therefore, no liability attached in the instant case, and the trial court was right in entering judgment for the defendant. No opinion is expressed as to the liability on the part of any other persons involved.

POLLOCK and ROBERTS, JJ, concur.