### TENNEBAUM v. PENDERGAST.

Common Pleas Court, Franklin County.

No. 171026. Decided February 11, 1947.

Abraham Gertner, Samuel L. Zuravsky, Addison E. Dewey, Columbus, for plaintiff.
Collis Gundy Lane, Columbus, for defendant.

### OPINION

By GESSAMAN, J.

Heard on motion of defendant to strike the two specifica-

tions of negligence contained in the second cause of action of the petition.

The plaintiff alleges that she was injured by broken glass as the result of an explosion of a bottle of Royal Crown Cola. The two specifications of negligence are that,

"1. The defendant used a defective bottle not strong enough to withstand the gas pressure which the defendant put into said bottle in bottling said product.

"2. The defendant placed an amount of gas pressure into the said glass bottle which was too great for the strength of the glass."

Counsel for defendant contends that neither of these allege an act of negligence. Counsel for plaintiff have argued to the Court upon the general question of pleading, but the question is not merely one of pleading but of determining whether any act or acts of defendant have been alleged that constitute negligence.

Judge Williams in the case of **White Sewing Machine Co. v. Feisel, 28 Oh Ap 152**, 162 N. E. 633, points out that, "It is a general rule of law that a manufacturer or seller is not liable to third persons, with whom he has no contractual relations, for negligence in the manufacture or sale of an article." **28 Oh Ap** at page 155, 162 N. E. at page 634.

But further says that, **28 Oh Ap** at page 155-156, 162 N. E. at page 634: "The manufacturer of an appliance, which, if defective in construction, will become inherently or imminently dangerous when used for the purpose for which it was intended, owes a duty to the public, irrespective of contractual relations, and it has been held in many cases that he will be liable to third persons for an injury directly caused by negligence in failing to make reasonable inspection of such defective appliance, where the injury was sustained while the appliance was being used for the purpose intended, and where the danger might reasonably have been foreseen by the manufacturer."

He then follows with the observation that, **28 Oh Ap** at page 156, 162 N. E. at page 634: "* * * while the rule was originally applied where the article of sale was 'inherently' or 'imminently' dangerous, it is now commonly invoked in cases where the dangerous character of the thing is made imminent by defective construction, which is the result of negligence, or would be discoverable upon exercise of ordinary care in making a reasonable inspection."

The defective instrument in the Feisel case was a plug

on the end of an electric cord or wire. Judge Williams further holds that, **28 Oh Ap** at page 159, 162 N. E. at page 635: "The mere fact that it (defendant) purchased the plugs from a reputable manufacturer would not relieve it from the duty to make reasonable tests and inspection."

To the same effect is **Gilbride, Admx. v. James Leffel & Co., 37 Abs 457**, 47 N. E. 2d 1015; **Male v. Colgate Palm Olive Co., 14 Abs 119**; 156 A. L. R. 479 and 29 **O. Jur. 599-603** (Sec. 129, Negligence).

There is nothing in the petition which purports to claim that either the bottle or its use was "inherently' or "imminently" dangerous. Furthermore, neither the bottle nor its use as alleged are of such character that the Court could take judicial notice of any inherent or imminent danger. Therefore, applying the rules pronounced in the above authorities, and considering the other allegations in the second cause of action, we are of the opinion that the allegations here attacked do not allege negligence on the part of the defendant. Both branches of defendant's motion are sustained. Leave granted to amend within rule.