**TENNEBAUM, Plaintiff, v. PENDERGAST, etc., Defendant.**

Common Pleas Court, Franklin County.

No. 171026.   Decided May 20, 1948.

Abraham Gertner, Samuel L. Zuravsky, Columbus, for plaintiff.
Collis Gundy Lane, Columbus, for defendant.

## OPINION

By LEACH, J.

On demurrer of defendant to first cause of action

The cases, as both sides agree, are not in harmony as to the application of the doctrine of "res ipsa loquitur" to cases of this kind.

On thorough consideration the court is of opinion that the better and more logical rule is as stated in the following two cases:

"1. The rule 'res ipsa loquitur' applies in case of the explosion of a bottle of highly charged beverage, to the injury of a bystander, where the bottle is shown to have been transported and handled in the usual course of business with reasonable and ordinary care.

2. A petition for damages for injuries caused by the explosion of a bottle of liquid put up by defendant, which charges general negligence, and states that the facts and circumstances concerning the manufacture of the bottle and contents are exclusively within the knowledge of defendants, is sufficient.

3. Absence of contractual relations between one bottling a beverage for sale and a bystander injured by its explosion after it had reached the market is immaterial in an action based on tort to recover for the resulting injuries." Stolle v. Anheuser-Busch, Missouri Supreme Court, 307 Mo. 520; 271 S. W. 497; 39 A. L. R. 1001.

"2. Res ipsa loquitur is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened, provided the character of the accident and the circumstances attending it lead reasonably to the belief that, in the absence of negligence, it would not have occurred, and the thing which caused the injury is shown to have been under the management and control of the alleged wrongdoer.

3. The doctrine of res ipsa loquitur is applicable in cases based on the alleged negligence of a manufacturer of carbonated beverages toward one injured by the explosion of a bottle, if the plaintiff can show that the bottle was handled with ordinary care by all persons touching it after it left the manufacturer's hands and that its condition had undergone no change." Honea v. Coca Cola Bottling Co; Texas Supreme Court—160 A. L. R. 1445; 2nd & third syllabi.

In the instant case in addition to pleading the happening of the explosion it is pleaded that "the manufacture, distribution and selection of the contents and the bottle which exploded were under the exclusive control of defendant." This takes the bottle to the possessiion of the retailer—there are no facts pleaded, however, which show that thereafter, said bottle was handled with ordinary care by the retailer and by the purchaser, the plaintiiff, after his purchase. Before the doctrine of res ipsa loquitur can be invoked and before a cause of action can be held to have been stated, the court

is of the opinion that this gap should be closed by proper averments in the petition—for as it stands now almost any treatment or mistreatment might have been given to the bottle, during the period of this hiatus, and before and up to the time of the explosion.

For this reason,

Demurrer Sustained.

On demurrer to second cause of action

Here again there is a conflict of authority. While this court would not go so far as to hold that there is an implied warranty as to containers of all goods sold and would confine such warranty to the goods alone, in some cases, yet where, as here the thing purchased is a bottle of Royal Crown Cola—a soft drink or beverage the consuming or drinking of which drink is by common knowledge ordinarily from the bottle itself, the court is of opinion that the purchaser's use of both bottle and the liquid therein contained are so closely associated and related that he cannot ordinarily consume the one without at the same time handling and using the other. It is common knowledge that the drink is kept in the bottle till the purchaser wishes to consume the liquid. The bottle and the contemplated use thereof is much more closely related to the contents than, for instance a crate and oranges therein contained.

The court is therefore in agreement with the cases of Cooper v. Newman, 11 N. Y. S. 2nd 319 and Naumann v. Wehl Brewing Co., 127 Conn. 44, 15 A 2nd 181 as to the applicability of the doctrine of implied warranty.

On the matter of pleading however, the court is of opinion that the doctrine can not be invoked if there was anything in the handling of the bottle after it was delivered to the retailer which could reasonably be the proximate cause of the explosion—that the same gap or hiatus in the pleading of the second cause of action, exists, as is pointed out with reference to the pleading of the first cause of action, and generally for the same reasons. Demurrer to second cause of action sustained.

Exceptions—Leave to file second amended petition within rule.

## ON REHEARING OF DEMURRERS OF DEFENDANT TO PLAINTIFF'S AMENDED PETITION

No. 171026. Decided September 15, 1948.

## OPINION

By LEACH, J.

On the question of the application of the doctrine of "res ipsa loquitur" the Court, in his original ruling, adopted the reasoning in Stolle v. Anheuser-Busch, Missouri Supreme Court, 307 Mo. 520; 271 S. W. 497, 39 A. L. R. 1001, and Honea v. Coca Cola Bottling Co.—Texas Supreme Court—160 A. L. R. 1445, as the better and more logical rule.

It is urged, however, on rehearing, that said ruling is in conflict with the law as generally stated and recognized in Ohio since the exploding bottle was not at the time it exploded in the sole and exclusive control of defendant, but had passed out of possession of defendant at the time of the explosion. Said rule so stated will be found in the fourth syllabus of the case of **Sherlock v. The Strouss-Hirshberg Co., 132 Oh St 35;** as follows:

"In order to invoke the rule of res ipsa loquitur in such case it is necessary that the party injured prove that the instrumentality causing the injury was at the time of the injury in the sole and exclusive control of the defendant."

This was not a case invoking the explosion of a bottle containing a soft drink but rather involved a serving stool or foot stool over which a customer in a store stumbled while walking along one of the aisles of the store.

The syllabus, of course, is the law of that case, but it has been many times stated by the Supreme Court that such syllabus must be read and understood as applied to the facts of the case in which it is announced, and such application is in the syllabus itself limited to the facts of that case, because it includes the limiting language: "in such case"—thus referring, of course, to the facts of that case; and while it is probably generally true that in order to invoke the rule of res ipsa loquitur the instrumentality causing the injury must at the time of the injury be in the sole and exclusive control of the defendant, the reason therefor is so as to exclude someone else from being the author of or responsible for the proximate cause of the injury. The two cases upon which this Court relied are consistent with the principle and spirit of the rule, for they hold that before the doctrine of res ipsa loquitur can be so applied, the plaintiff must show "that the bottle was handled with ordinary care by all persons touching it after it left the manufacturer's hands and **that its condition had undergone no change**"—thus negativing

any claim that the cause of the explosion arose through any negligence in handling by the retail dealer or the plaintiff—and leaving the doctrine to be applied only if the reasonable inference is that the inherently dangerous condition in the bottle and/or its contents was created by and existed at the time it left the bottler's hands. Such an application of the rule so safeguarded, does not do violence to, but rather is in accord with the rationale of the rule or principle on which the doctrine of res ipsa loquitur is founded. "The letter killeth but the spirit maketh alive." If the manufacturer or bottler creates an inherently dangerous condition or confines in a bottle a beverage which may even in rare instances explode, should his ultimate customer bear without remedy an injury caused by such explosion, simply because the bottle has passed out of the bottler's exclusive control, provided the proximate cause of the explosion is negatived as to all but the manufacturers or bottlers? We are in agreement with the cases we above cited on this point, nor do we believe that such ruling is not in harmony in principle, with any pronouncement of our Supreme Court to which our attention has been called.

Our attention is also called to the case of **Farina v. First National Bank, 72 Oh Ap 109**—a revolving door case. This case, we think, recognizes the principle as we have here applied it—the syllabus states that the doctrine of "res ipsa loquitur cannot be invoked **where the proven facts do not warrant an inference that the defendant was negligent in the selection and repair of such** door and where at the time of the injury, such door was under control of the patron or was subject to the control of others than the defendant". The implication arises from the words of the syllabus above emphasized by this writer.

No further authority was cited on the demurrer to the second cause of action. The original ruling on these demurrers will be adhered to.

No. 171026. Decided February 14, 1949.

**OPINION**

By GESSAMAN, J.

I

On demurrer of defendant to the first cause of action of the Third Amended Petition on the ground that it does not state facts sufficient to constitute a cause of action.

We have examined the briefs filed, with particular emphasis having been placed upon the case of Curtis v. Akron Coca-

Cola Bottling Co. No. 3118, Court of Appeals, Summit County. That case dealt with an allegation of negligence and the doctrine of res ipsa loquitur was "not urged by the appellant." (Quotation from the certified copy of the Opinion) Therefore the opinion, as approved by the Clerk of Courts of Summit County, does not touch upon the question here involved.

We have discussed this question with Judge Leach and have read his opinions on the demurrer to the amended petition (which raised the same question). We concur in those decisions.

Demurrer overruled.

II

On demurrer of defendant to the second cause of action in the Third Amended Petition for the reason that it does not state facts sufficient to constitute a cause of action.

It is alleged in the second cause of action that defendant sold the bottles to the plaintiff's husband. The Curtis case, supra, is therefore not applicable since it was held in that case that the "record does not disclose a sale to plaintiff of the bottles containing said Coca-Cola." That case further held that there was a failure of proof indicating lack of merchantability of the bottle.

Defendant further claims that since it now appears (in the third amended petition) that plaintiff did not buy the product (but that it was purchased by her husband) there is no privity of contract between the plaintiff and defendant and further that §8449 GC gives rise to a cause of action only in favor of the buyer.

Secs. 8395 and 8449 GC are parts of the Chapter on Sales. In that same chapter is §8456 GC which provides in part as follows:

"In this chapter, unless the context or subject matter otherwise requires—
'Buyer * * * means a person who buys * * * or any legal successor of such person.' "

From this language it appears to be certain that the legislature did not intend to benefit the buyer only, but also his successor in interest. Of course, it might be argued that the wife is not the successor **in interest,** but we believe that the answer would be that although there had been no sale from husband to wife, of course, there at least could be a gift by implication, and that such gift would be within the contemplation of the parties at the time of the sale.

Furthermore, there is a striking analogy in the case of the sale of unwholesome foods to that of breach of warranty as here involved and in the case of **Rubbo v. The Hughes Provision Co. 138 Oh St 178**, the Supreme Court held that

"2. A cause of action arises in favor of an injured party against one who sells provisions in violation of §12760 GC, where such sale is made to a husband who takes the provisions home for preparation and cooking and a member of his family suffers injury * * *."

We have examined several cases but have found none exactly in point and none have been cited to the court. However, for the reasons given the demurrer is overruled.