James F. Roper, Appellant, v. Dad's Root Beer Company, Appellee.

Gen. No. 44,447.

FEINBERG, P. J., dissenting.

Opinion filed December 13, 1948.   Rehearing denied December 27, 1948.   Released for publication December 27, 1948.

FRANCIS T. DELANEY, of Chicago, for appellant.

HINSHAW & CULBERTSON, of Chicago, for appellee; OSWELL G. TREADWAY, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from a judgment entered upon a verdict of not guilty in his action for injuries sustained through the explosion of a half gallon bottle of Dad's Root Beer on a shelf in the self-service market where plaintiff was a customer.

Defendant is the manufacturer and bottler of the root beer.  The beer is delivered in cases having separate compartments for each bottle.  These cases are taken from defendant's truck into the store by the driver, who places bottles on shelves on a display rack

across the aisle in front of the meat counter in the store, or puts the cases in the stock room. Bottles are taken from the stock room and placed on the rack by the meat cutter and either of the two partners conducting the market. Bottles on the display rack may be handled by customers, who pick them up and take them or return them to the rack. The bottle in question exploded while resting on the shelf of the rack—no one handling it at the time—and a piece of glass struck and cut the plaintiff who was standing in line waiting to be served at the meat counter. There is no evidence as to when the bottle was placed on the rack, or by whom. Neither was there any evidence as to when it was delivered to the store or as to how it was handled from that time until placed on the rack. Other bottles of root beer had exploded before and bottles had been given by the driver to replace them. There is no evidence as to the cause of this particular explosion. Neither is there any evidence as to the causes of explosions of carbonated beverages. Defendant offered no evidence as to the manufacture, bottling or handling of the beer at any time. We therefore have nothing before us except facts, if any, of which we take judicial notice as to the contents of the root beer and the causes of its explosion. At most, we know that root beer is a carbonated beverage which may explode when overcharged, placed in defective bottles, subjected to a radical change in temperature, or when the bottle is struck against a hard object or dropped.

■ Plaintiff's position is that "The main question in this case is, should the doctrine of *res ipsa loquitur* be applied under the facts stated and proved by the plaintiff?" Defendant contends that this doctrine is not applicable because "the instrumentality causing the injury was not under the control and management of the defendant at the time of the injury," and cites *Bollenbach v. Bloomenthal*, 341 Ill. 539, a

malpractice suit against a dentist for injuries result-
ing from the fragments of a tooth, broken while the
tooth was being extracted, passing down the throat
and lodging in the lung of the patient, where the court
said:

"The doctrine of *res ipsa loquitur* is, that whenever
a thing which produced an injury is shown to have
been under the control and management of the de-
fendant and the occurrence is such as in the ordinary
course of events does not happen if due care has been
exercised, the fact of injury itself will be deemed to
afford *prima facie* evidence to support a recovery in
the absence of any explanation by the defendant tend-
ing to show that the injury was not due to his want
of care. The presumption or inference of negligence
raised by the application of this doctrine is not abso-
lute or conclusive but is rebuttable, and vanishes en-
tirely when any evidence appears to the contrary."

The requirement that the thing which produced the in-
jury be under the control and management of the de-
fendant at the time of the injury, as in the case then
before the court, is unquestionably the rule when the
negligence causing the injury is in the use and opera-
tion of the thing. However, when the doctrine has
been applied to carbonated beverages, which are re-
ferred to in the cases as potential explosives if im-
properly compounded, bottled or distributed, it is only
necessary that the beverage be under the control and
management of the defendant at the time of the negli-
gence causing the injury. In *Goldman & Freiman
Bottling Co. v. Sindell*, 140 Md. 488, where action was
brought against the manufacturer and bottler of a
carbonated beverage for injuries resulting from small
pieces of broken glass in the bottle, the court in dis-
cussing defendant's claim of nonliability because the
bottled beverage was not in its control when the injury
was sustained, says (p. 502) : "There is nothing, how-

ever, in the reason for the rule or in the principles upon which it is founded to support the contention that its application is limited to cases where the injurious agency is in the control of the defendant at the time of the injury, but it is sufficient if it appears that such agency was in his control at the time of the negligent act which caused the injury.'' In *Duval v. Coca-Cola Bottling Co. of Chicago,* 329 Ill. App. 290, under similar facts, the Third Division of this court held that the doctrine of *res ipsa loquitur* applied, although the particular question now before us was not discussed. Other decisions to the same effect as the *Goldman* case, where the injury was caused by the explosion of a carbonated beverage, are *Bradley v. Conway Springs Bottling Co.,* 154 Kan. 282, and *Benkendorfer v. Garrett* (Tex. Civ. App.), 143 S. W. (2d) 1020.

■ ■ It is, however, a condition precedent to recovery that plaintiff show affirmatively that there was no intervening negligence in the handling of the beverage after it left the control and management of the manufacturer and bottler. An early case upholding a right of recovery under the doctrine of *res ipsa loquitur* against the manufacturer by a plaintiff, injured after the beverage had passed from the manufacturer through several hands, is *Payne v. Rome Coca-Cola Bottling Co.,* 10 Ga. App. 762, 73 S. E. 1087, cited by plaintiff. In that case it affirmatively appeared that the bottle was not negligently or improperly handled by the plaintiff or other persons in control or possession of it after it left the manufacturer. Although holding that the doctrine of *res ipsa loquitur* was applicable, because of this evidence eliminating negligence of all persons handling the beverage except the manufacturer, the court said:

''We do not say that under the proved facts the jury must find the defendant liable, but there was enough evidence to make a prima facie case and to require an

explanation from the defendant. We deal with the case upon the facts presented. As to whether an inference of negligence would arise against the manufacturers upon mere proof of the explosion, without more, we express no opinion.''

No case has been brought to our attention in which recovery has been allowed upon mere proof of an explosion. In *Benkendorfer v. Garrett, supra,* the court distinguished the facts before it from those in *Alagood v. Coca Cola Bottling Co.* (Tex. Civ. App.), 135 S. W. (2d) 1056, where the court said that it indisputably appeared from the evidence:

''That after plaintiffs received the bottle of coca cola from defendant's deliveryman, it sat on the floor of the store for a period of time not shown, and when plaintiffs attempted to place it in the refrigerator, it exploded and injured Mrs. Alagood. From this it will be seen that the offending object, which inflicted the injury, was not in the possession or control of defendant at the time of the casualty. How long it had been in the complete custody and control of plaintiffs, and what, if anything, had happened to the bottle while in plaintiffs' possession, does not appear in the evidence.''

The factual situation in the latter case is closely analogous to that before us. In the absence of a showing by plaintiff that the bottle which exploded and caused his injury had not been negligently handled after its delivery by the manufacturer to the self-service market in which plaintiff was injured, there can be no recovery.

The verdict of the jury finding the defendant not guilty cannot be disturbed. The judgment is affirmed.

*Affirmed.*

Tuohy, J., concurs.
Feinberg, P. J., dissents.