**DiVELLO, Admrx., Plaintiff, v. GARDNER MACHINE COMPANY, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 623987.   Decided November 29, 1951.

60

Harrison, Spangenberg & Hull, Cleveland, for plaintiff.
Frank Seth Hurd, Cleveland, for defendant.

## OPINION

By MERRICK, J:

This is an action for wrongful death. The petition alleges that plaintiff's decedent was killed as a result of the disintegration of a grinding wheel being used in the usual manner at decedent's place of employment. It is further alleged that decedent's employer purchased the grinding wheel from defendant, who is engaged in the business of manufacturing and selling grinding wheels. Two causes of action are pleaded. The second cause is in contract for breach of warranty. The petition alleges that the defendant warranted said grinding wheel to be safe and suitable for use. The defendant has filed a motion to strike the second cause of action which under our practice is in substance a demurrer.

This poses the direct questions: If the evidence discloses that defendant manufactured the wheel, does the warranty, if any, extend to the employee using it in the conduct of the purchaser's business? If the evidence discloses that defendant was not the manufacturer but was merely a dealer who sold the article to decedent's employer, does the warranty, if any, extend to the employee using it in the conduct of the purchaser's business?

This Court has attempted to co-ordinate some of the theories involved in this question in the case of **Mahoney v. Shaker Square Beverages**, No. 607,194, **64 Abs 200**, decided on November 28th, 1951. Inasmuch as that involved the application of the pure food laws of this state, in some aspects, it differs from the

case at hand. For the better understanding of the reasoning in this opinion it is necessary to incorporate some of the observations in the Mahoney case, especially our analysis and explanation of the decision in **McMurray v. Vaughn's Seed Store, 117 Oh St 236.**

In the manufacture and sale of goods, the seller may not include therein, beyond the terms of the contract anything which, unknown to the buyer, will cause the latter injury. This extra duty to refrain from including in the article any dangerous substance unknown to the buyer may be illustrated in the bestowal of a gift from one to another. Even though there be no purchase price, one has no right to bestow an article containing a hidden danger on another as a gift, knowing that the use thereof by such other will cause the latter injury. But where there is a consideration the responsibility to refrain from including in any such article any hidden danger is very much greater. There is the obligation that the goods will be fit for the particular purpose intended and the further duty to refrain from including therein any hidden danger unknown to the buyer. Failure to meet the first obligation is a breach of warranty, express or implied; failure to meet the second duty is negligence. **Sicard v. Kremer. 133 Oh St 294.**

Though a tort is a breach of a duty which the law, in distinction from a mere contract, has imposed, yet the imposition of it may have been because of a contract, or because of it and something else combining, when otherwise it would not have created the duty. In such a case the party injured by the nonfulfillment of the duty may proceed against the other for its breach or for the breach of the contract, at his election, for one overlaps the other. Galveston Ry. Co. v. Hennigan, 33 Texas Civ. App. 314, 76 S. W., 452.

Circumstances constituting a breach of warranty may also be negligence. If the circumstances concern only the question of whether the product may properly be used for the purpose intended or represented, there is no negligence involved. But if the product sold is later found to be unfit for the use intended and also by reason of some unknown dangerous ingredient, injures the buyer, there is not only a breach of warranty but also negligence. In such a case the buyer, subject to the provisions of §11306 GC, may incorporate in his complaint all the ultimate facts tending to prove not only the breach of warranty but also the negligence involved. Sicard v. Kremer, supra.

Situations may arise where the facts and circumstances are so involved that the pleader is not certain whether the issue is one of implied warranty or negligence, or both. The facts

and circumstances may be so complex that the question of whether there has been a breach of implied warranty, or negligence, would be for the jury under proper instructions from the court. Whether a given thing is dangerous may be sometimes a question for the court and sometimes for the jury. MacPherson v. Buick Motor Co., 217 N. Y.. 382, 111 N. E., 1050.

·The manufacturer of an appliance which if defective in construction will become inherently or imminently dangerous when used for the purpose for which it was intended, owes a duty to the public, irrespective of contractual relations, and it has been held in many cases that he will be liable to third persons for an injury directly caused by negligence in failing to make reasonable inspection of such defective appliance, where the injury was sustained while the appliance was being used for the purpose intended, and where the danger might reasonably have been foreseen by the manufacturer. **Sewing Machine Co. v. Feisel, 28 Oh Ap, 155.** Mazetti v Armour & Co., 75 Wash., 622, 159 P., 633.

An examination of the cases cited will disclose that, while the rule was originally applied where the article of sale was "inherently" or "imminently" dangerous, it is now commonly invoked in cases where the dangerous character of the thing is made imminent by defective construction, which is the result of negligence, or would be discoverable upon exercise of ordinary care in making a reasonable inspection.

While it is a general rule of law that manufacturer or seller is not liable for negligence in the manufacture or sale of an article to third persons with whom he has no contractual relations, that manufacturer may become liable if the article, defective in construction, will become inherently dangerous when used for the purpose for which it was intended. **Tennenbaum v. Pendergast** (C. P. Franklin ·County), **57 Abs 195.** · "In an action against manufacturer of boiler for death of employee of buyer of. boiler, resulting when boiler collapsed and employee was scalded, plaintiff was not precluded from recovery on ground that no contractual relations existed between decedent and manufacturer since· boiler was a dangerous instrumentality." **Gilbride v. James Leffel Co., 37 Abs 457, 47 N. E., 2nd, 1015.**

In the American Law Institute in the Restatement of the Law of Torts, Chapter 14, paragraph 398, page 1073, we find the following—"A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily· harm to those who lawfully use it for a purpose for which it is manufactured and to those

whom the supplier should expect to be in the vicinity of its probable use, is subject to liability for bodily harm caused to them by its lawful use in a manner and for a purpose for which it is manufactured."

The exceptions to the so-called general rule that the manufacturer is not liable to a third party who has no contractual relation with him, for negligence in the manufacture or sale of the article which he handles, have been regarded as so numerous and so important that it may be doubted whether the above principle should be regarded as the general rule. 111 A. L. R., 1240.

The principle that the manufacturer or seller of goods is liable for injuries to persons due to defects therein, is not limited to things which, in their normal operation, are implements of destruction, but if the nature of the thing is such that it is reasonably certain to place persons in peril when negligently made, the liability attaches, irrespective of contract for failure properly to inspect and discover defects, coupled with knowledge of probable danger therefrom. MacPherson v. Buick Motor Co., supra.

That there is a liability upon a negligent manufacturer who sells articles knowing they are intended for resale to subpurchasers in clear from the trend of modern authorities. The only controversy is as to the basis of the liability, some holding that the implied warranties are made for the benefit of the subpurchasers and form the basis of liability, and others holding that there must be proof of negligence to impose a liability. **Dow Drug Co. v. Niemann, 57 Oh Ap, 201.**

Pennsylvania has a sales code similar to the Ohio Sales Act. In the case of Soganowich v. Hachikian, 348 Pa., 313, 35 A. 2nd, 343, the plaintiff, an employee of the purchaser of a drum of liquid caustic soda, was permitted to recover against the manufacturer of the soda who had equipped the drum with a defective plug. The plug came loose, spraying the employee with caustic which injured him.

In the case of Mannsz v. MacWhyte, 155 F. 2nd, 445, the United States Circuit Court of Appeals had this to say at page 449:—"Under Pennsylvania law the plaintiffs may approach the goal of recovery by two roads as they have attempted to do in the cases at bar: viz., (1) by proof of breach of express warranty, or (2) by negligence . . . we think it is clear that whether the approach to the problem be by way of warranty or under the doctrine of negligence, the requirement of privity between the injured party and the manufacturer of the article which has injured him has been obliterated from the Pennsylvania law. The abolition of the doctrine occurred first in the food cases, next in the beverage

decisions and now has been extended to those cases in which the article manufactured, not dangerous or even beneficial if properly made, injured a person because it was manufactured improperly."

In Illinois a workman was permitted to recover against the party who sold a machine to his employer. The balance wheel broke when in use and injured the workman. Davidson v. Montgomery, Ward & Co., 171 Ill. 355.

Ohio is a sales code state and the purchase of the grinding wheel in the instant case is controlled by §8395 GC, sub-paragraph 2, which reads as follows:

"When the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality."

When the vendee is injured as a result of an explosion of a cigar an action will lie against the immediate vendor. **Dow Drug Co. v. Nieman, 57 Oh Ap, 190.**

Co-ordinating the conclusions herein cited, this Court is of the opinion that the sale of the grinding wheel carried with it an implied warranty of merchantability and fit for the usages designed and that such warranty extended to the workman of the vendee who was injured in its ordinary use because of a latent defect and in the absence of contributory negligence such workman could recover on the basis of a breach of warranty against the party who sold the wheel to his employer.

This Court is of the opinion that a grinding wheel designed to be revolved at high speed is a dangerous instrumentality if containing a latent defect which causes it to disintegrate upon ordinary usage and a workman injured in such use may recover against the person who sold the wheel to his employer on the basis that it is negligent to sell such an instrumentality and that contemplation must be had for the usage to which it will be put and the liability of injury to those using it.

The motion to strike the second cause of action is over-ruled and defendant may plead in accordance with rule of court.