62 So.2d 910 (1953)
FLORIDA COCA-COLA BOTTLING CO.
v.
JORDAN et al.
Supreme Court of Florida, Division A.
January 30, 1953.
Jennings, Watts, Clarke & Hamilton, Edwin M. Clarke and Clark W. Toole, Jr., Jacksonville, for appellant.
Neal D. Evans, Jr., Jacksonville, for appellees.
SEBRING, Justice.
Mildred Laretta Jordan sued the Florida Coca-Cola Bottling Company and recovered a verdict for personal injuries allegedly suffered from swallowing Coca-Cola containing broken glass, which was purchased by her from a Coca-Cola vending machine. The defendant below has appealed from the judgment and has submitted as the dominant question in the case: Whether an ultimate consumer purchasing a bottle of Coca-Cola from a retailer may maintain an action directly against the bottler upon the theory of implied warranty for injuries alleged to have been sustained as the result of a foreign substance in the beverage.
We think that this question has been settled in this jurisdiction in the case of Blanton v. Cudahy Packing Company, 154 Fla. 872, 19 So.2d 313, 315. That was a case in which plaintiff sustained injuries from eating canned meat containing, at the time it was opened, foreign deleterious matter which was not apparent but which made it dangerous for human consumption. The sealed can, labeled with brand name, had been purchased for family consumption at a local retail store, which had acquired the merchandise from the defendant manufacturer upon regular order. Plaintiff instituted suit on the theory of an implied warranty that the canned food product was wholesome and fit for the purpose for which it was sold, namely for human consumption.
After reviewing the facts of the case, the Court held:

*911 "Some of the authorities hold that the basis of liability is founded in tort or negligence and not in contract, on the theory that in the sale of personal property there can be no implied warranty without privity of contract, or that warranties as to personal property do not attach to nor run with the article sold. The other theory of liability is on an implied warranty of wholesomeness regardless of any privity of contract. The rationale of the implied warranty theory of liability is in effect that the right of recovery by injured consumers ought not to depend upon or turn on the intricacies of the law of sale nor upon the privity of contract, but should rest on right, justice and welfare of the general purchasing and consuming public.
* * * * * *
"The implied warranty theory of liability comports with the general trend of the best reasoned cases. The manufacturer knows the content and quality of the food products canned and offered to the public for consumption. The public generally is vitally concerned in wholesome food, or its health will be jeopardized. If poisonous, unhealthful and deleterious foods are placed by the manufacturer upon the market and injuries occur by the consumption thereof then the law should supply the injured person an adequate and speedy remedy. It is our conclusion that the implied warranty remedy of enforcement will accomplish the desired end."
We know of no reason why the principles stated in the foregoing case should not be as applicable to bottled products, under the circumstances of this case, as to products hermetically sealed in a tin. While the pronouncements in Blanton v. Cudahy may not presently represent the numerical weight of authority, we think, as we said in that case, "The implied warranty theory of liability comports with the general trend of the best reasoned cases."
We have given due consideration to the second question propounded, namely, that the amount of the verdicts was excessive, but we do not find such to be the case in the light of the testimony adduced at the trial.
The judgment appealed from should be affirmed.
It is so ordered.
HOBSON, C.J., and TERRELL and MATHEWS, JJ., concur.