SEBRING, Justice.
The petitioner, a newspaper publisher, was informed against for publishing certain allegedly libelous communications in his newspaper, in violation of Section *912 836.03, Florida Statutes 1951, F.S.A. The information failed to allege that at least five days before instituting such action the prosecutor had served notice “in writing on defendant, specifying the article and the statements therein which he alleges to be false and defamatory”, as provided by Section 836.07, Florida Statutes 1951, F.S.A.
The petitioner instituted a habeas corpus proceeding in the court below, contending that inasmuch as the information did not aver the giving of notice, as required by statute, it wholly failed to state a charge upon which a criminal prosecution could be based. Being of the view that the giving of such notice was not a condition precedent- to the institution of suit but was available to the defendant at the trial as defensive matter only, the trial judge denied the petition for habeas corpus and remanded the defendant for trial. Thereupon the petitioner brought the present appeal, raising as the real question in the case the issue whether the giving of such notice is required as a condition precedent to prosecution for criminal libel.
Section 836.07, Florida Statutes 1951, F.S.A. entitled “Notice condition precedent to prosecution for libel”, provides that “Before any criminal action is brought for publication, in a newspaper periodical, of a libel, the prosecutor shall at least five days before instituting such' action serve notice in writing on defendant, specifying the article and the statements therein which he alleges to be false and defamatory.” Except for the fact that it is applicable to civil actions and not to criminal prosecutions, a statute identical in content, Section 770.01, Florida Statutes 1951, F. S.A., was before this Court in Ross v. Gore, Fla., 48 So.2d 412. In that case it was held by this Court that when it enacted the statute the Legislature intended that the giving.of notice in writing should be a condition precedent to the institution of any civil action for libel. The Attorney General’s office states with commendable candor that unless this Court sees fit to recede from the conclusions arrived at in Ross v. Gore, there can be no legal basis for distinguishing between that case and the one at bar. With this we agree..
Certainly, if the rule laid down m Ross v. Gore is to obtain in civil actions for libel, where the only loss the defendant can sustain is a money judgment against him for damages, it should apply with equal force to a criminal prosecution, under an essentially identical statute, where a defendant may suffer a term of imprisonment in the event he is found to be guilty.
We hold that the giving of the notice provided by Section 836.07, Florida Statutes 1951, F.S.A., is a condition precedent to the filing of a charge for criminal libel, and that the fact of the giving of the required notice should be alleged in the criminal information. Accordingly, the judgment appealed from is reversed with directions that an order be entered discharging the prisoner from custody under the information now pending against him.
It is so ordered.
HOBSON, C. J., and TERRELL and THOMAS, JT., concur.