118 So.2d 840 (1960)
CANADA DRY BOTTLING COMPANY OF FLORIDA, Inc., a Florida Corporation, and Food Fair Stores, Inc., a Florida Corporation, Appellants,
v.
Alice SHAW, a Single Woman, Appellee.
No. 1343.
District Court of Appeal of Florida. Second District.
March 2, 1960.
Rehearing Denied April 4, 1960.
*841 Stephen C. McAliley, of Wicker & Smith, Miami, for appellants.
A.H. Frier, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
SHANNON, Judge.
This is an appeal by the defendants below from a jury verdict against them for injuries sustained by the plaintiff when a bottle she was attempting to open broke in her hand. The usual post-verdict motions were denied.
Plaintiff had purchased several bottles of ginger ale and soda, including the bottle in question, from Food Fair Stores, Inc. She took them home, and shortly thereafter, while attempting to open a bottle of Canada Dry Club Soda, the bottle broke and injured her hand. The soda was bottled by the Canada Dry Bottling Company of Florida. The plaintiff filed her complaint charging negligence of the defendants, the applicability of res ipsa loquitur doctrine, and also alleging that the defendants had breached their warranty to the public, including the plaintiff. Prior to closing her case the plaintiff announced her abandonment of all claims of negligence, including the res ipsa loquitur doctrine, and relied solely on the theory of implied warranty.
Each side had an expert who testified concerning the bottle. From their testimony, it appears that the bottle was a "multitrip" bottle which had been damaged internally in the neck under the cap. It further appears that such damage was present at the time the bottle was last filled and capped. The testimony also shows that the plaintiff did not damage the bottle and that there was no improper attempt to open it. As plaintiff was attempting to open the bottle on a wall opener it broke in her hand, causing injuries.
The questions propounded to us are two in number and raise the question of whether or not the plaintiff made a prima facie case against the Food Fair Stores, Inc., of a breach of implied warranty of fitness, and whether or not the plaintiff made a prima facie case against the Canada Dry Bottling Company of Florida, Inc. on a similar warranty.
As we see it, the case is not one of first impression in this state, but rather a question of whether or not the facts in the case fit themselves into the pattern of implied warranty of fitness for the use for which the bottle and its contents were sold. The doctrine of implied warranty of fitness is not new in Florida, and the problem is whether these particular facts can be reconciled with the doctrine.
While discussing generally the warranty in connection with food cases, Prosser in his treatise on Torts, Second Edition, pages 508 and 509, states:
"* * * On one theory or another, strict liability is now recognized in food cases in California, Florida, Illinois, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, and Washington, and possibly in Alabama, Arizona, and Kentucky.
"The warranty which these courts find is one of merchantable quality or fitness for the general purpose for which the goods are made, rather than any special purpose of the buyer. The deliberate policy of carrying the responsibility back to the manufacturer who is best able to meet it is indicated *842 by a few decisions which have refused to find any warranty from a wholesaler to the consumer. Less comprehensible are the decisions of three courts which have confined the manufacturer's warranty to the food or beverage inside of a container, and have refused to find any warranty that the container itself will not explode in the customer's face. * * *"
Adding by footnote,
"The distinction of course makes no sense. One may speculate that these courts were uneasy about the proof that the plaintiff had not damaged the container himself."
The record in this case amply bears out that the bottle was defective and that the plaintiff had not damaged it. Thus, we are presented with the question of whether or not a warranty is applicable where the bottle had a defect in it at the time it was purchased. Undoubtedly, Prosser, from the excerpt we have just cited, thinks that it is. While this court would not, at this time, extend the doctrine of implied warranty to all containers of food, in this case the bottle and its contents are so closely related that it is difficult  if not impossible  to draw a distinction.
In Mahoney v. Shaker Square Beverages, Ohio Com.Pl. 1951, 102 N.E.2d 281, where a bottle containing ale exploded, the court held that a bottle containing pressure which caused it to explode under ordinary handling is a "dangerous instrumentality" and is not of "merchantable quality". It is not necessary to hold, and we do not hold, that the bottle in question here is a "dangerous instrumentality". However, a portion of the Mahoney case is particularly appropriate where  in discussing the question of whether or not an implied warranty theory applies to the container of carbonated beverages  that court, at page 286, quoted from the case of Tennebaum v. Pendergast, Ohio Com.Pl., 89 N.E.2d 490, 491, 90 N.E.2d 451, as follows:
"While this Court would not go so far as to hold that there is an implied warranty as to containers of all goods sold and would confine such warranty to the goods alone, in some cases, yet where, as here the thing purchased is a bottle of Royal Crown Cola  a soft drink or beverage  the consuming or drinking of which drink is by common knowledge ordinarily from the bottle itself, the Court is of opinion that the purchaser's use of both bottle and the liquid therein contained are so closely associated and related that he cannot ordinarily consume the one without at the same time handling and using the other. It is common knowledge that the drink is kept in the bottle till the purchaser wishes to consume the liquid. The bottle and the contemplated use thereof is much more closely related to the contents than, for instance, a crate and oranges therein contained."
We have been cited other cases by the defendants from jurisdictions which tend to hold that there is a distinction between the container and its contents in applying the theory of implied warranty. Also, the defendants attempt to distinguish several cases which have been decided by our Supreme Court, for instance the cases of Florida Coca-Cola Bottling Co. v. Jordan, Fla. 1953, 62 So.2d 910; Blanton v. Cudahy Packing Co., 1944, 154 Fla. 872, 19 So.2d 313, and Smith v. Burdine's Inc., 1940, 144 Fla. 300, 198 So. 223, 131 A.L.R. 115. They further seek to make a distinction between a warranty of fitness for human consumption and a warranty of the fitness for the use intended.
In the case of Florida Coca-Cola Bottling Co. v. Jordan, supra, the Supreme Court affirmed a judgment against a bottler upon an implied warranty for the consumer who purchased the bottle from a retailer and who was injured by deleterious substance contained therein. In the opinion the court quoted from Blanton v. Cudahy Packing Company, supra:

*843 "The implied warranty theory of liability comports with the general trend of the best reasoned cases. The manufacturer knows the content and quality of the food products canned and offered to the public for consumption. The public generally is vitally concerned in wholesome food, or its health will be jeopardized. If poisonous, unhealthful and deleterious foods are placed by the manufacturer upon the market and injuries occur by the consumption thereof then the law should supply the injured person an adequate and speedy remedy. It is our conclusion that the implied warranty remedy of enforcement will accomplish the desired end." [62 So.2d 911.]
The court then went on to say:
"We know of no reason why the principles stated in the foregoing case should not be as applicable to bottled products, under the circumstances of this case, as to products hermetically sealed in a tin. While the pronouncements in Blanton v. Cudahy may not presently represent the numerical weight of authority, we think, as we said in that case, `The implied warranty theory of liability comports with the general trend of the best reasoned cases.'"
It is interesting to note that in the Jordan case, supra, the plaintiff was injured while swallowing broken glass which was contained in the bottle. It does not appear from the opinion whether the glass was a portion of the bottle itself, or extraneous to it. If the glass was not an internal portion of the bottle, then the Jordan case must be classified with those warranty cases concerning foreign substances in prepared food, and its value here is to show Florida authority for implied warranty and to show that the purchaser can sue the bottler. On the other hand, however, if the glass that the plaintiff swallowed came from the bottle itself, then the Jordan case takes on a far stronger meaning in relation to the case at bar. It cannot be said that implied warranty would, or should, make a distinction between a case where the container broke on the inside and injured the consumer and a case where the container broke on the outside and injured the opener.
Also, in Smith v. Burdine's, Inc., supra, the customer had made known to the seller the purposes for which she wanted a lipstick, and the saleslady not only selected the lipstick but recommended it for the intended use. The lipstick turned out to contain a substance harmful to health, and the Supreme Court held that there was a breach of implied warranty of fitness. In the instant case, it cannot be said that it was necessary for the purchaser to advise Food Fair Stores of the particular use for which the bottle of soda was purchased. It is universally known that when one purchases a bottle of Canada Dry Club Soda it will be opened preparatory to use. If, as here, the proof at trial shows that when the purchaser in the process of opening a bottle was injured by a defect therein, she is entitled to an implied warranty of fitness for use as held by the lower court.
Affirmed.
KANNER, Acting C.J., and THORNAL, CAMPBELL, Associate Judge, concur.