194 A.2d 305 (1963)
Miriam C. HUTCHINS, Appellant,
v.
ROCK CREEK GINGER ALE CO., a corporation, Appellee.
No. 3298.
District of Columbia Court of Appeals.
Argued September 9, 1963.
Decided October 16, 1963.
Paul J. McGarvey, Washington, D. C., for appellant.
Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.
Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.
QUINN, Associate Judge.
This is an exploding bottle case in which plaintiff sued both American Stores Company (Acme), the retailer, and Rock Creek Ginger Ale Company, the manufacturer. At the close of plaintiff's case both defendants moved for directed verdicts. American Stores' motion was granted, but Rock Creek's was denied. Rock Creek then elected to rest its case and to renew its motion for a directed verdict. Decision on this motion was reserved by the trial court and the case was submitted to the jury upon a charge of res ipsa loquitur. After a reasonable time, however, the jury was unable to reach a verdict and they were discharged. Rock Creek then moved for judgment and this motion was granted. Plaintiff has appealed solely from the order granting Rock Creek's motion for judgment. No appeal was taken from the order granting a directed verdict for American Stores.
The facts are as follows. On August 11, 1961, about 8 p. m. in the evening, appellant went to the Acme Food Store in Alexandria, Virginia, for the purpose of making several purchases. After shopping for approximately one-half hour, appellant went to the area where the soft drinks *306 were located. While in this section she took several cans of root beer from the top shelf of one of the displays and placed them in her shopping cart. She then went across the aisle to another counter. After several moments she suddenly felt blood running down her legs. She screamed and several people came to her assistance. Thereafter, appellant noticed glass and liquid on the floor and she realized that she had been struck by glass from a bottle which had either broken or exploded. Appellant testified that she heard no noise prior to the injury.
Appellant was struck in several places by the glass. She had a gash in her left thigh requiring five stitches, a cut on her left foot, and a chip in her bifocals necessitating replacement of the lenses. Appellant was several feet from the area in which the bottles were shelved when the injury occurred and she testified that at no time did she approach the shelf where the bottles were stacked. She denied ever knocking a bottle off the shelf or knowing exactly where the bottle came from which caused the injury.
Questions and answers to certain interrogatories were read into evidence and they produced the following additional facts. The manager of the Acme Food Store heard a noise while working in his office near the soft drink section of the store. He looked up and observed appellant standing about two feet from the soft drink counter and immediately went to assist her as he could see that she was bleeding. He noticed pieces of glass on the floor over a wide area and stated that appellant informed him she had been in the process of getting a canned drink off a top shelf when her dress pulled a bottle off the lower shelf. He stated that broken parts of the bottle were found only on the floor and that neither glass nor liquid was found on the shelf. He said that the bottle contained Tom Collins Mix; that it was supplied by the Rock Creek Ginger Ale Company; that a driver for Rock Creek delivered and stacked the bottles; that it was unknown whether any of Acme's employees handled the bottle while it was in the store; that the area where the bottles were shelved was open to all customers; that the salesman-driver for Rock Creek came to the store on Monday (the accident happened on a Friday); and that the bottle might have been on the shelf for about a week.
The principal question we must decide is whether the trial court erred in granting Rock Creek's motion for judgment. Stated another way, we must decide whether the evidence construed most favorably to appellant enabled her to rely upon the doctrine of res ipsa loquitur. As a preliminary matter, we note that res ipsa loquitur, being a rule of evidence, is procedural, and we will accordingly apply the law of the District of Columbia in reaching our determination.[1]
We have previously had occasion to consider cases involving exploding bottles. Atwell v. Pepsi-Cola Bottling Company of Washington, D. C., D.C.Mun.App., 152 A.2d 196 (1959); Canada Dry Ginger Ale Co. v. Jochum, D.C.Mun.App., 43 A.2d 42 (1945). We feel the case at bar is controlled by these decisions and particularly the requirement that to invoke res ipsa loquitur it must be shown that the defendant had exclusive control or management of the thing causing the injury. While this requirement may be met after the instrumentality which causes the accident leaves the physical control of the defendant, the plaintiff must show that during the intervening period he has not mishandled the *307 bottle in any way, and that it has not been mishandled by anyone else through whose hands it has passed. The plaintiff, of course, need not eliminate every remote possibility of injury to the article after the defendant relinquishes control, but he must prove it reasonably probable that the article was not accessible to extraneous harmful forces. Based upon this reasoning, we found that res ipsa loquitur applied in Jochum, while in Atwell we reached a contrary conclusion. Since we find the case at bar factually similar to Atwell, we affirm.
As in Atwell, appellant here has made no attempt to show what became of the bottle from the time it was delivered to the Acme Food Store until the time it allegedly exploded.[2] Since the Rock Creek driver visited the store on Monday and the accident occurred on Friday, there was an interval of at least five days in which the bottle was standing on the shelves open to the public. No effort was made to show what precautions were taken during this period to prevent the bottle from becoming accessible to extraneous harmful forces. The store manager, other Acme employees, and the Rock Creek driver were not called as witnesses. As in Atwell, the first time the bottle appeared on the scene was when the injury took place. Under these circumstances we cannot say that the accident was of such a nature that it warrants a reasonable inference that Rock Creek, rather than someone else, was responsible for the unknown negligent act or omission which caused the injury.[3] The judgment is therefore
Affirmed.
NOTES
[1] Alexander v. Inland Steel Company, 263 F.2d 314 (8th Cir., 1958); International Derrick & Equipment Co. v. Buxbaum, 210 F.2d 384 (3d Cir., 1954); Lobel v. American Airlines, 192 F.2d 217 (2d Cir., 1951), cert. denied 342 U.S. 945, 72 S.Ct. 558, 96 L.Ed. 703 (1952); Joffre v. Canada Dry Ginger Ale, Inc., 222 Md. 1, 158 A.2d 631 (1960).
[2] Appellant's allegation that the bottle exploded was never supported by any evidence and it is questionable whether an explosion did in fact occur. See Joffre v. Canada Dry Ginger Ale, Inc., supra, note 1. Compare Washington Loan and Trust Co. v. Hickey, 78 U.S.App.D.C. 59, 137 F.2d 677 (1943), where one of the elements of a res ipsa case is stated to a known cause.
[3] Roper v. Dad's Root Beer Co., 336 Ill. App. 91, 82 N.E.2d 815 (1948); Monroe v. H. G. Hill Stores, 51 So.2d 645 (La. App.1951); Joffre v. Canada Dry Ginger Ale, Inc., supra, note 1; Tennebaum v. Pendergast, 89 N.E.2d 490 (Ohio Com.Pl. 1948); Hankins v. Coca Cola Bottling Co., 151 Tex. 303, 249 S.W.2d 1008 (1952). Compare Zentz v. Coca Cola Bottling Co. of Fresno, 39 Cal.2d 436, 247 P.2d 344 (1952).