## MALONE v. OCALA STAR-BANNER CORP.
### No. 68-35
Circuit Court, Marion County.

April 21, 1972.

Phil Trovillo, Ocala, for the plaintiff.

Ayres, Swigert, Cluster & Tucker, Ocala, and Harold B. Wahl, Jacksonville, for the defendant.

CARROLL W. FUSSSELL, Circuit Judge.

This cause came on after due notice on defendant's motion to dismiss and was duly argued by counsel for the parties. The court for the purpose of this order will consider only grounds 5 and 6 for they alone constitute a complete bar to plaintiff's suit. Such grounds read as follows —

"5. Under F.S. 770.01, plaintiff must, *prior to the time suit is brought,* serve notice in writing; and paragraph 19 of the

second amended libel complaint affirmatively alleges that such notice was not given until January 7, 1972, some years after the suit was brought.

6. Under F.S. 770.01, notice is required *"before* any civil action is brought"; and under F.S. 95.11(6), an action for libel must be instituted within two years. The statute of limitation had run prior to the time of service of notice herein under F.S. 770.01 (as affirmatively shown by paragraph 19 of the complaint)."

The second amended complaint expressly alleges in paragraph 19 that although the alleged libel was published on January 24, 1966, demand for retraction under F.S. 770.01 was not served until January 7, 1972, almost six years later. A copy of the demand is attached to the second amended complaint as exhibit B, and plaintiff's counsel stipulated before the court that the notice was not given until this time.

The Florida Supreme Court on two occasions has held that such notice is a "condition precedent to the institution of the cause of action." See Ross v. Gore (Fla. 1950) 48 So.2d 412, at 415, (involving a civil libel suit) and In re Rice (Fla. 1953) 62 So.2d 911, at 912, following the *Ross* case and applying the same principle to criminal libel.

Upon consideration therefore it is ordered and adjudged that plaintiff's seconded amended complaint be dismissed with prejudice; that plaintiff take nothing by his suit; and defendant shall go hence without day.