162    SUPREME COURT OF FLORIDA.

AMERICAN MANUFACTURING COMPANY, A CORPORATION, *Plaintiff in Error*, v. A. H. McLeod & Company, A Corporation, *Defendant in Error*.

Opinion Filed July 26, 1919.

1. Where goods are sold by sample there is an implied warranty that the goods will at least equal in quality the sample.

2. The vendor of goods sold with a warranty has a right to the return of his goods if the purchaser claims there is a breach of the warranty as to the quality of the goods.

3. It is the duty of a purchaser buying goods under a warranty upon discovery that the goods are not up to the warranty to return or offer to return such goods, unless wholly worthless, and unless he does so he is presumed to have waived the defects and will be held to the contract price.

4. Where a vendor of goods waives his right to a return of goods sold under a warranty by suing for the value of the goods and the purchaser pleads the goods were not equal to the warranty, and the vendor goes to trial upon such plea the purchaser may set off the difference between the true worth of the goods and the contract price.

5. It is not error upon the part of the judge to refuse to charge a correct proposition of law which is not applicable to the facts or the issues made by the pleadings.

6. When a verdict is rendered upon the evidence of experts as to value the court will not set aside or reverse such verdict because the amount of such verdict cannot be demonstrated by the testimony of any single witness with mathematical precision.

A Writ of Error to the Circuit Court for Escambia County; A. G. Campbell, Judge.

Judgment affirmed.

*Leroy V. Holsberry,* for Plaintiff in Error;

*Philip D. Beall,* for Defendant in Error.


STATEMENT.

This is an action brought by plaintiff in error against the defendant in error for the sum of $241.96, the balance due upon an account of $741.96, the defendant having prior to the institution of the suit paid $500.00 upon an account for certain rope sold by sample.

The plaintiff brought suit upon the common counts. The defendant filed two pleas: first, never indebted; second, that the rope was sold by sample and the goods delivered were inferior in quality to the sample, and the defendant claimed an off-set of $300.00. There was no demurrer or replication to the pleas or either of them, and the case porceeded to final judgment. There was a judgment for the plaintiff for $65.00.

WILLS, Circuit Judge, (after seating the facts).— Where goods are sold by sample there is an implied warranty that the goods to be delivered will at least in quality be equal to the sample. Where a purchaser of goods receives articles sold with a warranty, either express or implied, as to their quality, and the goods received are of inferior quality, unless they are wholly worthless, he should notify the vendor or return or offer to return them.

"When goods are discovered not to answer the order given for them, or to be unsound, the purchaser ought

immediately to return them to the vendor, or give him notice to take them back, and thereby rescind the contract; or he will be presumed to acquiesce in the quality of the goods." 2 Kent's Commentaries 480. "No doubt this is founded in the best sense and highest reason- conducing to the maintenance of contracts, their proper observance and due execution—nor rightly should there be a deviation or departure by the courts in the respect due to it. A man may be entitled by his bargain to property of a particular kind, of a particular value or figure, and not obtaining these he should on discovery of the defect at once and without delay make return. He may not keep the article and refuse the price; for, if returned, the vendor might sell to others having occasion for just such an article." Hancock v. Tucker, 8 Fla. 435.

A vendor who has sold goods which the purchaser claims are inferior to the goods bargained for may demand the return of the goods and rescind the contract of sale, and if he does this and the purchaser refuses to return the goods the purchaser will be held to the contract price, as he will be presumed to have waived the defects. The plaintiff in this case did not avail himself of this right to demand the return of the goods, but chose to sue for the value. Had he intended to insist upon a return of the goods as a condition precedent to claiming damages by the defendant he would have demurred to the second plea of defendant, and doubtless the Circuit Judge would have sustained the demurrer upon the grounds that it did not state the goods were returned.

"On discovery of the fraud, the defendant ought to abandon the contract and avoid claiming any partial benefit from it and in his plea ought to make an alle-

gation to that effect, and that the defendant had notice thereof." 2 Saunders Pl. & Ev. part 1 (5th Am. Ed.) 61.

The plaintiff assigns as error the refusal of the court to give the following charge: "That if the jury believes from the evidence that the defendant accepted and retained said rope, the presumption is that the defects were waived, if any there were, and the burden is on the defendant to show such reasonable excuse for its acts as will rebut the presumption and in the absence of this being done by a preponderance of the evidence, the jury should find for the plaintiff the balance due on its account."

It is not error for a trial judge to refuse to give in charge a correct proposition of law not applicable to the facts in the case. The law as given in a charge should be pertinent to the issues as made by the pleadings. The only question in the instant case was the value of the rope. There was no error in refusing the charge.

The plaintiff assigns as error the striking out of portions of the deposition of E. H. Darling. We think the court was correct, as it was one not the book-keeper attempting to testify to a copy of the books; but even if it had been error to strike, it was harmless as the price charged was conceded. There was no error in excluding the exhibit of the account on which was written "All claims must be made within one week after receipt of gods," as the plaintiff by failure to demur or file replications to defendant's second plea had waived this defense.

There was no error in refusing to strike the testimony of William L. Morrow.

The remaining assignment is the "refusal of the court

to set aside the verdict of the jury and grant a new trial."

The plaintiff contends that there is no testimony which the jury could have accepted of any witness as to the amount of damage to the rope and have founded their verdict upon. The testimony is that of persons who are accustomed to using rope and their expert evidence or opinion is very variant, but we do not conceive it to be the law that the verdict of a jury as to values will be held by the courts to have to measure up with mathematical precision to the opinion of any one expert witness, but the true rule for the consideration of expert or opinion evidence is: "The jury are not necessarily obliged to follow the estimate of a witness simply because he is uncontradicted. Such inferences are not conclusive. It is to be remembered that the conclusion of a witness as to value is merely secondary evidence displacing, only to the extent that seems to be necessary, the reasoning of the jury upon the primary phenomena narrated by witness. It follows that neither the inference or conclusion of an observer nor the more ripened judgment of the expert relieves the jury of the duty of doing their own reasoning with regard to the facts of the case." 3 Chamberlayne's Modern Law of Evidence, Sec. 2173.

The judgment should be affirmed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.