## ONEIDA LANGLEY BLANTON v. THE CUDAHY PACKING COMPANY, a corporation.

19 So. (2nd) 313
October 3, 1944
Rehearing denied October 19, 1944

June Term, 1944
Division A

*Clark W. Jennings,* for appellant.

*Stockton, Ulmer & Murchison* and *William A. Carter,* for appellees.

CHAPMAN, J.:

This appeal is from a final judgment on demurrer in behalf of defendant below (appellee here) entered in the Circuit Court of Orange County, Florida. It was the view and conclusion of the trial court that the declaration failed to state a cause of action and plaintiff appealed. Pertinent and material portions of the challenged declaration are viz:

"Plaintiff, Oneida Langley Blanton, by Clark W. Jennings, her attorney, sues The Cudahy Packing Company, a corporation; and, for her cause of action, states the following:

"On or about May 25, 1943, and for some time prior thereto, defendant was engaged in the business of manufacturing, preparing, and canning a certain meat product known as 'Tang,' and of distributing and selling said product to retail merchants for resale to the general public.

"On or about May 25, 1943, or shortly prior thereto, defendant sold and delivered a certain can of said Tang to Sapp's Grocery, a retail grocery store in Orlando, Florida.

"At about 4:00 o'clock in the afternoon of May 25, 1943, plaintiff's mother purchased said can of Tang from the said Sapp's Grocery, to be used that evening as a part of the meal at the home of plaintiff's parents, with whom she was then living as a member of the family and to whom she was paying for her board on the date referred to. Within a few minutes after such purchase, plaintiff's mother placed said can, unopened, against the ice compartment in the electric refrigerator in their home, where it remained until about 6:00 o'clock in the evening of said day, when she opened said can, emptied its contents onto a plate, and sliced said contents into a total of twelve slices. A few minutes later, plaintiff ate two of said slices thereof.

At the time of the purchase by plaintiff's mother of the can of Tang as aforesaid, defendant had impliedly warranted that said can of Tang was a food fit for human consumption; and had also had printed on the outside of said can of Tang the statement, 'Tang is a wholesome, nourishing meat product;' and, until after plaintiff ate the two slices thereof, both she and her mother believed that it was both wholesome and fit for human consumption, and had no notice that it was otherwise. However, at the time it was opened, said can of Tang contained foreign or dangerous matter deleterious or poisonous within itself, or which generated, created, or produced deleterious or poisonous matter, the said can of Tang being, on account thereof, dangerous for human consumption.

"As a direct and proximate result of having eaten a portion of the contents of said can of Tang as hereinabove set out, plaintiff became violently ill, was nauseated, vomited until she had no strength left to do so, had a high fever and diarrhea, lost fourteen pounds in weight, and sustained great

injury to her mouth, throat, stomach, and digestive system, as a result whereof she underwent great pain and suffering for a period of several months. In addition to the aforesaid injuries, plaintiff's entire nervous system was shattered and her general health so impaired that she was for a long period of time unable to gain back her weight and strength; and she was weak, jittery, and nervous, and suffered from constipation."

The grounds of the demurrer as directed to the declaration and sustained by the lower courts are substantially viz (1) the declaration fails to state a cause of action; (2) the warranty expressed or implied, if any, to the effect that the can of Tang as manufactured by the defendant was wholesome and fit for human consumption did not extend to the consumer thereof but was limited solely, as a matter of law, to the retailer, namely, Sapp's Grocery; (3) the declaration fails to allege facts sufficient to establish a warranty on the part of this manufacturing defendant; (4) the warranty as to wholesomeness and fitness for human consumption exists only as a matter of law betwen the seller and the purchaser; (5) the declaration fails to allege a consideration for the expressed or implied warranty, if any; (6) negligence in the manufacturing, packing, preparation or canning of the can of Tang is not alleged and for this reason a legal liability has not been shown or established by the declaration.

One of the essential questions flowing from this legal controversy, and sustained by the record, posed for adjudication by this Court is viz: is a manufacturer or canner of food products sold by it in sealed packages or cans to a retailer for the purpose of resale to the consuming public liable in damages for injuries sustained by a consumer thereof because of deleterious, unhealthy, or poisonous substances appearing in the sealed package or can, bottomed on the theory of an implied warranty in effect that the manufactured or canned food products are wholesome and fit for human consumption?

The case of Berger v. Berger & Co., 76 Fla. 503, 80 So. 296, involved an action for the breach of an implied warranty arising out of the sale of some lumber for the specific purpose

of filling an order from a third person. The owner and seller represented that the order of the third person could be filled from the pile in stock of the owner and seller. Plaintiff did not inspect the stock but relied upon the statement or representation of the defendant to the effect that the lumber would meet the dimensions and specifications of the order of the third party. Plaintiff relied upon these statements and representations and was misled to his financial injury.

We held that where a person contracts to supply an article in which he deals for a particular purpose, knowing the purpose for which he supplies it, and the purchaser has no opportunity to inspect the article but relies upon the judgment of the seller as to its suitableness or fitness for the purpose desired, there is an implied condition that the article is fit for the purpose to which it is to be used.

We held in American Mfg. Co. v. McLeod & Co., 78 Fla. 162, 82 So. 802, where goods are sold by sample the law creates an implied warranty that the goods will at the least equal in quality the sample. If a breach of warranty exists, the vender is entitled to a return of the goods sold. We also held that a sale of seed by name raises an implied warranty that the seed is true to name and the fact that the buyer inspected prior to the purchase is immaterial, when its character cannot ordinarily be ascertained by reasonable inspection. West Coast Lbr. Co. v. Wernicke, 137 Fla. 363, 188 So. 357.

Our nearest approach to the facts involved in this controversy are the facts in the case of Smith, et vir. v. Burdine's, Inc., 144 Fla. 500, 198 So. 223. Involved therein was an implied warranty of a lipstick made to the plaintiff by a saleslady of the defendant, Burdine's, Inc. We held that where a purchaser makes known to the seller the purpose for which he buys an article and relies upon the seller's skill and judgment, then an implied warranty of fitness for which the article is bought arises as a matter of law.

In the absence of a Florida statute of a controlling legal precedent of this Court applicable to the involved facts as presented by the pleadings in this record, it becomes necessary to examine the holdings of other jurisdictions of facts

similar to those here presented. It appears to be the law and counsel for the parties litigant apparently are in accord to the effect that a liability exists for injuries sustained against a manufacturer or packer of food products to an ultimate consumer purchasing from a middleman or retailer of food products unwholesome, unhealthful and unfit for human consumption. The point of clevage develops in the enforcement of this liability, whether by an action for negligence or one founded upon an implied warranty. See 22 Am. Jur. 891, par. 105.

Some of the authorities hold that the basis of liability is founded in tort or negligence and not in contract, on the theory that in the sale of personal property there can be no implied warranty without privity of contract, or that warranties as to personal property do not attach to nor run with the article sold. The other theory of liability is on an implied warranty of wholesomeness regardless of any privity of contract. The rationale of the implied warranty theory of liability is in effect that the right of recovery by injured consumers ought not to depend upon or turn on the intricacies of the law of sale nor upon the privity of contract, but should rest on right, justice and welfare of the general purchasing and consuming public.

The later rule is supported by respectable authority. See Catani v. Swift & Co., 251 Pa. 52, 95 Atl. 931, LRA. 1917B, 1272, writ of error dismissed in 241 U.S. 690, 60 L. Ed. 1238, 36 S. Ct. 554; Mazetti v. Armour & Co., 75 Wash. 622, 135 Pac. 633; Ward v. Morehead City Seafood Co., 171 N. C. 33, 87 S. E. 958; Davis v. Van Camp Packing Co., 189 Ia. 775, 176 N.W. 382; Ward Baking Co. v. Trizzino, 161 N.E. 557, 27 Ohio App. 475.

The implied warranty theory of liability comports with the general trend of the best reasoned cases. The manufacturer knows the content and quality of the food products canned and offered to the public for consumption. The public generally is vitally concerned in wholesome food, or its health will be jeopardized. If poisonous, unhealthful and deleterious foods are placed by the manufacturer upon the market and injuries occur by the consumption thereof then

the law should supply the injured person an adequate and speedy remedy. It is our conclusion that the implied warranty remedy of enforcement will accomplish the desired end.

The trial court sustained a plea of privilege filed by the appellee which recited that it was a corporation organized under the laws of the State of Maine and did not maintain an office or have an agent in Orange County, Florida but had both an office and agent in Hillsborough County, Florida, where it was served with process. The can of Tang referred to in the declaration was sold by Sapp's Grocery at Orlando, Florida. The order for the Tang was placed by Sapp's Grocery Company with the traveling agent of the defendant at Orlando and by the agent transmitted to the Hillsborough County office and there accepted. That the supposed cause of action did not occur or accrue in Orange County, Florida, but in Hillsborough County, Florida.

Counsel for appellee contend that the plea of privilege should be sustained under the authorities of McLendon v. Lurton-Hardaker Co., 83 Fla. 263, 91 So. 113; Nettles v. Gulf Fertilizer Co., 78 Fla. 490, 83 So. 298; Morgan v. Eaton, 59 Fla. 562, 52 So. 305, 138 Am. St. Rep. 167; Peters v. E. O. Painter Fertilizer Co., 73 Fla. 1001, 75 So. 749, and similar cases. The Painter case involved an offer of sale made by letter to the proposed purchaser and we held that the last act necessary to complete the sale is where the cause of action accrued. The cited cases hold generally that the cause of action accrues where the order is accepted. We find no fault with our holdings in these cases.

This controversy is not influenced by the law of sales but controlled by the law applicable to implied warranties. Plaintiff's declaration alleges that the can of Tang was manufactured and sold by the defendant to Sapp's Grocery and by it sold to the plaintiff in Orange County, Florida. The can of Tang was consumed in Orange County. Plaintiff sustained alleged injuries in Orange County. Defendant's plea of privilege recites that the acceptance and approval in Hillsborough County of the order for the can of Tang, obtained from Sapp's Grocery in Orange County *ipso facto,* made the cause of action accrue in Hillsborough County rather than Orange County, Florida, under Section 46.01, Fla. Stats. 1941

(F.S.A.). It is our conclusion that plaintiff had the option to sue the defendant on a breach of implied warranty either in Orange or Hillsborough County.

The judgment appealed from is hereby reversed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.

