58 So.2d 434 (1952)
LAMBERT
v.
SISTRUNK et al.
Supreme Court of Florida, Special Division A.
April 25, 1952.
Scruggs, Carmichael, Bates & Lowry, Gainesville, for appellant.
Joe Hill Williams and Mack S. Futch, Lake Butler, for appellees.
THOMAS, Justice.
The appellant purchased of appellees, merchants, a stepladder which, upon use, broke, causing injury. The pleader alleged that the salesman represented that the ladder was "strong," that it would "last * * a lifetime," and that the customer would "never break it."
The circuit judge thought no cause of action was stated in the complaint so he dismissed it upon the defendant's motion.
It seems to us the decision will depend largely upon the nature of a stepladder, an instrument so generally in use as to require no description. Then, too, we must appraise what the salesman is said to have said when inducing the customer to buy. We have quoted from the three alleged remarks. The last two of them can be immediately discarded for they are, so obviously, trade talk. To remark that an article will last a lifetime is, it seems to us, no representation at all; and to say to a prospective buyer that "you will never break it" is little more than chatter, for patently the stepladder could in some fashion be broken unless we indulge the pleader the interpretation that the article would last in the use for which it was intended for the life expectancy of the customer according to the mortality table.
We come then to the remark "it is strong," and from that we are expected to conclude that an implied warranty came into being so that when the ladder was mounted and gave way the merchant became responsible for the damage. Here again the actual language used seems not of such significance as to send us on a prolonged excursion into the law of implied warranty. The appellant insists that that doctrine should be applied to stepladders, as it has been to lipsticks, Smith v. Burdine's, Inc., 144 Fla. 500, 198 So. 223, 131 A.L.R. 115, and to canned food, Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313.
When a lipstick, a chemical compound, and a sealed container of food, which the buyer was afforded no opportunity to inspect, are compared with a stepladder which salesman and customer had equal opportunity to examine, the cited cases do not seem apropos.
It has been said that the concept of implied warranty rests upon the foundation of business ethics and constitutes an exception *435 to the maxim "let the buyer beware," itself encompassing the idea that there is no warranty implied with respect to the quality of the goods being sold. To come into play, the exception must therefore spring from some moral obligation on the part of the seller, or perhaps more accurately, on the breach of some such duty amounting to fraud or the taking advantage of the buyer by reason of some superior knowledge in the seller, or the reliance by the buyer on the seller's judgment.
As has been decided, too, the rule rather than the exception applies, where the vendee has an opportunity to inspect the article, and the vendor is not guilty of fraud and is not the manufacturer of the article sold. Kellogg Bridge Co. v. Hamilton, 110 U.S. 108, 3 S.Ct. 537, 28 L.Ed. 86; Remy, Schmidt & Pleissner v. Healy, 161 Mich. 266, 126 N.W. 202, 29 L.R.A.,N.S., 139.
There is no need to dwell on the class of cases where the buyer relies upon the seller's judgment of the fitness of a particular article for the purpose intended, because the use of a stepladder is as well known to a buyer as to a seller and is as limited as it is well known. This feature is common to the lipstick involved in Smith v. Burdine's, Inc., supra. The difference, as we have already observed, is in the nature of the articles sold. One cannot know the ingredients of a lipstick without chemical analysis. One can know as much as a salesman of a stepladder by simply looking at it. And this lack of opportunity to inspect was also a factor in the case of Blanton v. Cudahy Packing Co., supra.
So if we resolve the present dispute into its positive and negative parts we find that it would require a stretch of the imagination to find lurking in the salesman's remarks any fraudulent representation. We cannot construe his comment as unethical. He did not represent the manufacturer of the commodity. He did not withhold any information. Indeed he probably had none that the buyer didn't acquire by observing the article. So in neither a negative nor a positive way did he disadvantage his customer.
We have found no ground for recovery, hence no reason to disturb the ruling.
Affirmed.
SEBRING, C.J., and HOBSON, J., and DICKINSON, A.J., concur.