88 So.2d 299 (1956)
GERALD G. MATTHEWS, Appellant,
v.
LAWNLITE COMPANY, a corporation, Appellee.
Supreme Court of Florida, Division A.
May 25, 1956.
Rehearing Denied July 5, 1956.
*300 Carey & Harrison, St. Petersburg, for appellant.
Arthur W. Primm, Miami, for appellee.
TERRELL, Justice.
Appellant was plaintiff and appellee was defendant below. In his second amended complaint plaintiff alleged that defendant was engaged in the business of manufacturing aluminum outdoor furniture and selling it to the public through retail merchants or distributors; that on or about March 27, 1954, defendant sold and delivered one or more pieces of such furniture to Dean's Tropical Furniture Shop, a retailer located in St. Petersburg, Florida; that on the date last mentioned plaintiff was in Dean's Tropical Furniture Shop examining furniture with the view of purchasing and sat in a lounge chair manufactured by defendant. "As plaintiff sat in said chair he laid his right hand on the right hand arm rest of said chair and the third finger of said right hand extended over the front of the right hand arm rest and under the front end thereof. Thereupon his said third finger of his right hand was completely severed by the moving parts of said chair and the finger fell upon the floor." A motion to dismiss the complaint was granted and this appeal was prosecuted from said order.
The point for determination is whether or not the manufacturer of lawn chairs is liable for injuries to a customer or potential purchaser inflicted on him when examining one of said chairs in the store of a retailer with the view of purchasing. The injury to said customer was caused from clipping off one of his fingers by a mechanism concealed under the arm of said chair.
Appellee contends that this question should be answered in the negative and supports its contention with Poretz v. R.H. Macy & Co., Inc., Sup., 119 N.Y.S.2d 211; Liedeker v. Sears, Roebuck & Co., 249 App. Div. 835, 292 N.Y.S. 541; Id., 274 N.Y. 631, 10 N.E.2d 586, and similar cases. These cases have been examined and hold that there is no liability where the hazards complained of are apparent to the plaintiff; they also subscribe to the doctrine that the plaintiff can not recover for injury sustained as a result of his own careless and negligent conduct.
These cases also modify the early common law rule which inhibited recovery where there was absence of privity of contract. Huset v. J.I. Case Thrashing Mach. Co., 8 Cir., 120 F. 865, 61 L.R.A. 303; 86 A.L.R. 949; MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A. 1916F, 696, Ann.Cas. 1916C, 440. While these and other cases reveal the early pattern of thought in cases of this kind, there is a rash of later cases which also reveal a more humane or reasonable trend of decisions in the disposition of such cases. Statler v. George A. Ray Mfg. Co., 195 N.Y. 478, 88 N.E. 1063; Devlin v. Smith, 89 N.Y. 470, 42 Am.Rep. 311; Parks v. C.C. Yost Pie Co., 93 Kan. 334, 144 P. 202, L.R.A. 1915C, 179; Catani v. Swift & Co., 251 Pa. 52, 95 A. 931, L.R.A. 1917B, 1272; Flies v. Fox Bros. Buick Co., 196 Wis. 196, 218 N.W. 855, 60 A.L.R. 357; Heckel v. Ford Motor Co., 101 N.J.L. 385, 128 A. 242, 39 A.L.R. 989, and many others might be cited.
These and other cases have so often departed from or modified the old theory that an innocent third party who purchases from a retailer can not sue a manufacturer because of absence of privity of contract that the doctrine may be said to have been abandoned in many jurisdictions. A doctrine more in line with reason and justice has been substituted for it and may be said to have been crystallized in Restatement of the Law of Torts, Sec. 398, Vol. 2, page 1084, as follows:
"A manufacturer of a chattel made under a plan or design which makes it dangerous for the uses for which it is manufactured is subject to liability to others whom he should expect to use the chattel lawfully or to be in the vicinity of its probable use, for bodily harm caused by his failure to exercise reasonable care in the adoption of a safe plan or design."
This court has several times been confronted with the question and has held the *301 manufacturer liable to the third party on an implied warranty where food in sealed containers was brought in question. Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313; Hoskins v. Jackson Grain Co., Fla., 63 So.2d 514; Florida Coca-Cola Bottling Co. v. Jordan, Fla., 62 So.2d 910. See also Smith v. Burdine's, Inc., 144 Fla. 500, 198 So. 223, 131 A.L.R. 115; McDonald v. Sanders, 103 Fla. 93, 137 So. 122; Tampa Shipbuilding, etc., Co. v. General Const. Co., 5 Cir., 43 F.2d 309, 311, 85 A.L.R. 1178; United States Rubber Products v. Clark, 145 Fla. 631, 200 So. 385; Lambert v. Sistrunk, Fla., 58 So.2d 434. In the last four cases involving secondhand goods, no liability was permitted on the basis of implied warranty.
An implied warranty does not protect against hazards apparent to the plaintiff; it protects against an usual or apparent use. It does not protect against injury imposed while carelessly using a dangerous mechanism. A lounge chair is not a dangerous instrumentality. Dangerous instrumentalities have been defined as those which by nature are reasonably certain to place life and limb in peril when negligently constructed, such as airplanes, automobiles, guns and the like.
The chair in question is a rocking chair with moving parts; it rocks back and forth. It was constructed of aluminum and was used for rest and recreation; it looks harmless, every aspect of it suggested ease and comfort. There was no notice of any kind that beneath its restful armrest there were moving metal parts so constructed that they would amputate the occupant's fingers with the ease that one clips a choice flower with pruning shears. It was designed, constructed and delivered to the public with these moving parts that were essential to its use. They were completely concealed from the user and as essential parts of the chair were inherently dangerous. No one would suspect that such a dangerous device would be concealed in such an innocent looking instrumentality.
It is a well settled principle of law that one is not required to guard against danger in places where it is not expected to be. No one would ever suspect danger under the arm of a lounge chair designed for ease and comfort. In our view the facts recited bring this case within the rule recited from Restatement of Torts. If such a mechanism is required for the chair, it should be protected by a housing. It follows that the judgment appealed from must be, and is hereby, reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed with directions.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.