104 So.2d 40 (1958)
CONTINENTAL COPPER AND STEEL INDUSTRIES, Inc., a Delaware corporation, Appellant,
v.
E.C. "RED" CORNELIUS, INC., a Florida corporation, and Florida Electric Supply, Inc., a Florida corporation, Appellees.
No. 57-308.
District Court of Appeal of Florida. Third District.
June 30, 1958.
Rehearing Denied July 24, 1958.
Worley, Gautier & Dawes, Miami, for appellant.
Joseph A. St. Ana and Paul C. Ropes, Miami, for E.C. "Red" Cornelius, Inc.
Brunstetter, Netter & Buchmann, Miami, for Florida Electric Supply, Inc.
HORTON, Judge.
Appeal was taken from a final judgment entered by the court below after trial without a jury.
The appellant is a manufacturer of electrical cable with its factories and principal offices outside the state of Florida. The appellee, Florida Electric Supply, Inc., is a wholesale dealer in electrical cable in Dade County, Florida, and appellee, E.C. "Red" Cornelius, Inc., is an electrical contractor. Cornelius, through the appellee, Florida Electric Supply, Inc., placed an order and purchased electrical cable from the appellant, which cable was to be buried in the ground and used in connection with an installation being performed under subcontract for the United States Navy by Cornelius. After the wire had been in the ground some eight months, it was found to be defective and several power failures required the removal of the cable. Although all of the cable was not known to be defective, Cornelius, at the Navy's request, removed all of the cable and replaced it with another brand or type of cable.
The appellee, Cornelius, brought suit in the court below against the manufacturer as well as the dealer on the theory of an implied warranty that the cable would be reasonably fit for the purposes intended, to-wit: for burial in the ground and the transmission of high voltage current. Appellant moved to dismiss the action and quash the purported service of process upon the principal ground that appellant had not engaged in a business venture in the state of Florida. Upon said motion, the court considered the proofs submitted and denied the motion. The appellant answered alleging that it was a Delaware *41 corporation, had not designated a resident agent in Florida and denied that it had engaged in a business venture within the state of Florida. The answer further denied the relevant allegations of the complaint and particularly denied that the appellant had knowledge of the purpose or use for which the electrical cable was required or intended by the appellee, Cornelius. The answer further denied that it had sold the cable to Cornelius; that it was without knowledge of any alleged warranties that might have been made by the appellee, Florida Electric Supply, Inc., and further affirmatively alleged that said appellee had no authority to make any warranties or representations on its behalf. The appellee, Florida Electric Supply, Inc., by cross-claim against appellant, adopted the allegations of the appellee, Cornelius, as contained in paragraphs 1, 2, and 3 of its amended complaint which in effect sought indemnification against the appellant for any damages resulting from a judgment that might be entered against said appellee. The main issues as raised in the amended complaint of the appellee, Cornelius, and the answer of the appellant were tried before the court without a jury and resulted in the rendition of a judgment against the appellant, and indemnification to the appellee, Florida Electric Supply, Inc., in the form of a judgment over and against the appellant.
Two substantial questions are raised by this appeal. First, whether the appellant, a foreign corporation, engaged in a "business venture" in the state of Florida within the meaning of § 47.16, Fla. Stat., F.S.A., thereby subjecting itself to substituted service of process, and second, whether privity of contract is a necessary prerequisite for recovery upon an implied warranty. The trial judge answered the first question affirmatively and the second in the negative. We conclude that he was correct in both instances.
On the first question as to appellant's amenability to suit in Florida under § 47.16, supra, the trial judge was called upon to decide as a question of fact whether the proofs offered were sufficient to establish that appellant engaged in a business venture in the state of Florida within the meaning of the statute. The record discloses proofs sufficient to support his conclusions. See State ex rel. Guardian Credit Indem. Corp. v. Harrison, Fla. 1954, 74 So.2d 371.
The second question, we conclude, has been answered on at least two occasions by the Supreme Court of Florida adverse to the appellant's contention. See Hoskins v. Jackson Grain Co., Fla. 1953, 63 So.2d 514, and Matthews v. Lawnlite Co., Fla. 1956, 88 So.2d 299. In the Hoskins case, the court said:
"The general rule that an ultimate purchaser may not sue the wholesaler is not an absolute one and it seems to be losing force with the passage of time. * * *
* * * * * *
"There is a conflict of opinion about the accountability of a manufacturer to a consumer on the theory of implied warranty in the absence of privity, but this court has become aligned with those courts holding that suit may be brought against the manufacturer notwithstanding want of privity."
It appears that the courts have departed from the general rule that recovery could not be had from a manufacturer on an implied warranty absent privity of contract. The first exception to the rule appeared in food cases where recoveries were sought on implied warranties for foodstuffs purchased in original manufacturers' containers. See Blanton v. Cudahy Packing Co., 154 Fla. 872, 873, 19 So.2d 313, and cases cited therein. In these cases involving packaged foods, the implied warranty was fitness for human consumption. However, the courts, and particularly the Supreme Court of Florida, have further broadened the exception to include other manufactured items as was evidenced by the pronouncements in Matthews v. Lawnlite Company, supra.
*42 We have considered the voluminous record in this cause as well as the briefs and oral arguments at the bar and are compelled to the conclusion that the order appealed from should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., C.J., concurs.
PEARSON, J., dissents.