PER CURIAM.
This is an appeal from an order dismissing one of two defendants from plaintiffs’ action for personal injury. The only issue involved is whether the complaint stated a cause of action against the defendant-appellee Playground Equipment Corp. We hold that the complaint was sufficient and reverse.
It was alleged that John Scott Mc-Burnette, the three year old son of John O. McBurnette, while playing on a piece of playground equipment known as a “slide gym,” which had been purchased by the senior McBurnette, caught his right index finger between the sharp edge of the vertical bar and the horizontal steel bar to which the vertical swingbar was attached on the “sky rider,” or swing, and, as a result, the first phalanx of the child’s finger was cut off.
Thereafter, the child by his father, and the father individually, brought this action against the Stelber Cycle Corporation, the manufacturer of the “slide gym,” and the Playground Equipment Corp., the retail distributor. The order appealed denied a motion to dismiss the complaint as to the defendant manufacturer and granted a similar motion for the defendant retailer. We mention this circumstance because it demonstrates that the judge found that the complaint was sufficient to state a cause of action against the manufacturer but that it did not state a cause of action against the retail distributor. Against the retailer the complaint sought to establish liability on negligence and on the theory of warranty. As we view the complaint, it stated a cause of action against the retailer on negligence but not under the claim of warranty, and we so hold on the authority of the recent opinion of the Supreme Court in Carter v. Hector Supply Co., Fla.1961, 128 So.2d 390. In the complaint it was alleged that the defect in manufacture which made it dangerous was patent and was known or should have been known by the defendant retailer. As stated by the Supreme Court in Carter v. Hector Supply Co., supra, a retailer may be held liable to a third party in a negligence action if the retailer can be charged with actual or implied knowledge of the defect.
For the reasons stated, the order dismissing the cause as to the defendant Playground Equipment Corp. is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed.
CARROLL, CHAS., J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.
PEARSON, Acting Chief Judge, concurs in part and dissents in part.