137 So.2d 239 (1962)
H.J. SMITH, Appellant,
v.
PLATT MOTORS, INC., a Corporation, and Ford Motor Company, a Corporation, Appellees.
No. C-437.
District Court of Appeal of Florida. First District.
February 6, 1962.
Will O. Murrell, Jacksonville, for appellant.
Knight, Kincaid, Poucher & Harris; and Rogers, Towers, Bailey & Jones, Jacksonville, for appellees.
WIGGINTON, Acting Chief Judge.
Plaintiff has appealed from a final judgment dismissing with prejudice his complaint on the ground that it fails to state a cause of action against either of the defendants joined herein.
The complaint is one seeking damages for breach of an implied warranty. Plaintiff alleges in substance that he purchased from Platt Motors, Inc., a passenger automobile manufactured by Ford Motor Company for *240 whom Platt is the local authorized agent. It is alleged that at the time of purchase each defendant impliedly warranted to plaintiff that the automobile so purchased was a useful vehicle for the purpose of travel and transportation with a reasonable minimum of inconvenience and loss of use for repairs under ordinary and usual usage, but on the contrary the automobile was not useful for the purposes warranted for the reason that it contained a variety of hidden complex defects incapable of repair which caused the vehicle to come to a stop, jump and cavort. It is alleged that the defects were inherent in the construction of the vehicle and were discoverable only through use thereof. Plaintiff further alleges that he relied on the implied warranty of fitness given him by defendants in purchasing the vehicle and that because of the hidden, complex and inherent defects, the vehicle was of value only as scrap or junk and was totally unfit for usual travel and transportation. The complaint alleges that upon discovering such defects and the uselessness of the vehicle for the purposes for which it was purchased plaintiff offered to return it to defendants upon repayment to him of the purchase price, which offer was rejected. Plaintiff claims damages in a sum equivalent to the difference between the present value of the vehicle as scrap or junk and the price paid by him for the vehicle when purchased.
In the Berger case[1] plaintiff purchaser sued defendant supplier for breach of an implied warranty of fitness in the purchase of lumber. It was shown that plaintiff agreed to purchase, and defendant agreed to sell, lumber which would meet certain specifications required by plaintiff, but that upon receipt of the lumber it was found that much of it was below specifications and useless for the purpose it was purchased. In holding that the seller had impliedly warranted that the quality of the lumber would meet plaintiff's specifications the Supreme Court quoted with approval from Benjamin on Sales (5th Ed.) 595, the following principle of law:
"`An implied warranty, or as it is called, a covenant in law as distinguished from an express contract or express warranty, really is in all cases founded on the presumed intention of the parties and upon reason. The implication which the law draws from what must obviously have been the intention of the parties the law draws with the object of giving efficacy to the transaction and preventing such a failure of consideration as cannot have been within the contemplation of either side. In business transactions what the law desires to effect by the implication is to give such business efficacy to the transaction as must have been intended at all events by both parties, who are business men; not to impose on one side all the perils of the transaction or to emancipate one side from all the chances of failure, but to make each party promise in law as much, at all events, as it must have been in the contemplation of both parties that he should be responsible for in respect of those perils or chances.'"
With the foregoing quotation as a guide, the Supreme Court held:
"* * * where a person contracts to supply an article in which he deals for a particular purpose, knowing the purpose for which he supplies it and that the purchaser has no opportunity to inspect the article, but relies upon the judgment of the seller, there is an implied condition or `warranty,' as it is called, that the article is fit for the purpose to which it is to be applied."
In the later case of Lambert v. Sistrunk et al.,[2] the Supreme Court, speaking through Mr. Justice Thomas, said:
"It has been said that the concept of implied warranty rests upon the *241 foundation of business ethics and constitutes an exception to the maxim `let the buyer beware,' itself encompassing the idea that there is no warranty implied with respect to the quality of the goods being sold. To come into play, the exception must therefore spring from some moral obligation on the part of the seller, or perhaps more accurately, on the breach of some such duty amounting to fraud or the taking advantage of the buyer by reason of some superior knowledge in the seller, or the reliance by the buyer on the seller's judgment."
The Lambert decision recognized that the exception to the rule of caveat emptor would not apply where the vendee has an opportunity to inspect the article and the vendor is not guilty of fraud and is not the manufacturer of the article sold. This principle has no application to the case we now review because of the allegation that the defects giving rise to a breach of the implied warranty were hidden and complex in nature, and were not discoverable upon physical inspection, but only through use of the vehicle after it was purchased by plaintiff. It is for this reason that the conclusion reached by the court in the Lambert case to the effect that no warranty of fitness could be implied by the vendor is not applicable to the facts in the case we now review.
In the Continental Copper case[3] plaintiff sued for damages resulting from breach of an implied warranty in connection with electric cable purchased from defendant supplier and produced by defendant manufacturer. The gravamen of the action was upon the theory of an implied warranty that the cable would be reasonably fit for the purposes intended, to-wit: for burial in the ground and transmission of high voltage current. The manufacturer contended that it was free from liability for the reason that it had made no specific warranty to plaintiff, either express or implied, and that no privity of contract existed between it and plaintiff. The Second District Court of Appeal rejected such defense upon the finding that most courts, and particularly the Supreme Court of Florida, have departed from the general rule that recovery could not be had from a manufacturer on an implied warranty to a purchaser of the manufactured product absent privity of contract. The exception to the original rule first appeared in cases involving the purchase of foodstuff in original manufacturer's containers,[4] and was later broadened to include other manufactured items.[5]
A question identical in all material respects with the question now before this court was considered by the Supreme Court of Oklahoma in the Kelley case.[6] It was there held that a hidden or latent defect in the mechanism of a truck not discoverable upon ordinary inspection rendering it unsuitable to perform the ordinary work for which it was made constituted a breach of implied warranty giving rise to a cause of action on behalf of the purchaser against both the local dealer and the manufacturer of the truck.
A question strikingly similar in all material respects was considered by this court in the Posey case.[7] In deference to the trial court whose judgment of dismissal we now review, it should be noted that our decision in Posey was not rendered until after rendition of the judgment appealed, and was therefore not available to the trial court in his consideration of the question presented by appellees' motion to dismiss the complaint.
*242 In Posey the trial court likewise dismissed plaintiff's complaint on the ground that it failed to state a cause of action. The complaint in Posey alleged in substance that plaintiff purchased a farm tractor from defendant dealer which had been produced by defendant manufacturer; that at the time of purchase defendants warranted and represented the tractor to be well constructed and without defective parts and suitable for use as a general farm tractor; that the tractor was not well constructed but on the contrary contained defective parts and was not suitable for use as a general farm tractor; that under proper use the tractor continually failed to operate properly, continually broke down and gave plaintiff practically no useful service; that it had become necessary for plaintiff to have the tractor repaired, adjusted and parts replaced at great inconvenience and expense, and defendant dealer had conceded that the tractor could not be put in proper condition for use as a general farm tractor. It was alleged that the tractor was unsuitable for the intended use for which it was purchased and warranted, and that plaintiff relied on such warranty to his detriment, wherefore he claimed damages. On review by this court it was held that the complaint sufficiently stated a cause of action against both the dealer and the manufacturer, and the trial court's order of dismissal was reversed and the cause remanded for further proceedings.
By its brief appellee manufacturer argues in support of the judgment appealed that the complaint is so vague and indefinite that it cannot properly plead thereto. We point out that such contention is not available in support of a motion to dismiss a complaint. If appellee's contention as a matter of pleading is well taken, his remedy lies in pressing for a more definite statement as permitted by Rule 1.11(e), Florida Rules of Civil Procedure, 30 F.S.A.[8] If its contention is well taken as a matter of substance, the facts on which plaintiff relies in support of its cause of action may be discovered upon proper employment of the rules of procedure relating to discovery.
Reverting to the amended complaint it is alleged that appellee, Platt Motors, Inc., a Florida corporation, is the agent of appellee, Ford Motor Company, a foreign corporation, and at all times pertinent to the cause of action sued upon was acting within the scope of such agency. It is not alleged that Platt made any express warranty to plaintiff with respect to the automobile purchased by him. The cause of action against Platt is solely on implied warranty of fitness arising out of its part in this transaction as agent for Ford. The law appears to be well settled that an agent contracting on behalf of a disclosed principal and within the scope of his authority as agent, cannot be held liable for breach of implied warranty.[9]
Upon consideration of the foregoing authorities we conclude that the complaint sufficiently states a cause of action against the manufacturer, Ford Motor Company, but fails to state a cause of action against Platt Motors, Inc. The judgment of dismissal as to Ford Motor Company is accordingly reversed and the cause remanded for further proceedings. The judgment of dismissal as to Platt Motors, Inc., is affirmed.
Affirmed in part, reversed in part.
STURGIS and RAWLS, JJ., concur.
NOTES
[1] Berger v. E. Berger & Co., 76 Fla. 503, 80 So. 296.
[2] Lambert v. Sistrunk et al. (Fla. 1952), 58 So.2d 434.
[3] Continental Copper and Steel Industries, Inc., v. E.C. "Red" Cornelius, Inc., et al. (Fla.App. 1958), 104 So.2d 40.
[4] Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313.
[5] Matthews v. Lawnlite Co. (Fla. 1956), 88 So.2d 299.
[6] G.M.C. Truck Co. v. Kelley (1924), 105 Okla. 84, 231 P. 882.
[7] Posey v. Ford Motor Company et al. (Fla.App. 1961), 128 So.2d 149.
[8] Calhoun v. Epstein (Fla.App. 1960), 121 So.2d 828.
[9] Restatement, Agency Second, § 320; 3 C.J.S. Agency § 215, p. 119; 2 Am.Jur., Agency 248, § 315; Croom v. Swann, 1 Fla. 211.