137 So.2d 563 (1962)
John Scott McBURNETTE, a Minor, by His Father and Next Friend, John O. McBurnette, and John O. McBurnette, Individually, Petitioners,
v.
PLAYGROUND EQUIPMENT CORP., a Florida Corporation, Respondent.
No. 31296.
Supreme Court of Florida.
February 9, 1962.
*564 Alan R. Schwartz, Miami Beach, and Green & Hastings, Miami, for petitioners.
No appearance for respondent.
DREW, Justice.
Petitioners seek review, by certiorari, of a decision of the District Court of Appeal, Third District,[1] asserting conflict with Carter v. Hector Supply Co., Fla. 1961, 128 So.2d 390, and Matthews v. Lawnlite Co., Fla. 1956, 88 So.2d 299.
So far as here material, the facts are that petitioner John Scott McBurnette, age three, was injured by amputation of a finger upon a sharp edge of a moving vertical bar in a swinging "sky-rider" where, in an unprotected joint, it was attached to the supporting horizontal channel bar. The playground equipment was purchased for his use by his father from the respondent retailer, Playground Equipment Corporation, and was manufactured by Stelber Cycle Corporation, not a party to these certiorari proceedings. Actions by the father and by his minor child, through his father as next friend, were filed against both retailer and manufacturer of the equipment. The complaint against the respondent retailer, based upon both breach of implied warranty and negligence theories and asserting a patent defect which was or should have been known by the defendant retailer, was dismissed on motion in the trial court and both parties plaintiff appealed to the district court.
The district court held "on the authority of the recent opinion of the Supreme Court in Carter v. Hector Supply Co.,"[2] supra, that the complaint did not state a cause of *565 action against the retailer on the theory of warranty but found it sufficient insofar as based upon negligence because "a retailer may be held liable to a third party in a negligence action if the retailer can be charged with actual or implied knowledge of the defect."
The conclusion of this Court in the Carter case was that the privity requirement in implied warranty actions against retailers still has vitality in this jurisdiction, and "that one who is not in privity with a retailer has no action against him for breach of an implied warranty,"[3] based on an examination of our decisions involving the privity rule in warranty actions to date. Upon the facts of the case the holding was that the defendant retailer, because of lack of privity, had no warranty liability to an employee of one who purchased a riding sulky where injuries resulted from a latent defect in its frame; and that, while allegation of a retailer's knowledge of a defect was "wholly unecessary in an implied warranty situation,"[4] such a charge of actual or implied knowledge would support a claim of negligence.
Although the district court in the instant case properly applied the rule of Carter to sustain the negligence action by both parties against the respondent retailer, it failed to specify any reasoning or language in the Carter opinion which positively determines the warranty claim in this litigation, and we find none. Except in the case of facts "on all fours," the privity rule there stated cannot be given the blanket effect accorded it. We have, therefore, assumed jurisdiction upon the ground that the decision in this case creates a conflict by expressly accepting an earlier decision of this Court as controlling precedent in a situation materially at variance with the case relied on.[5]
In addition, the decision in this cause apparently disallows, for the same alleged lack of privity, suit on a warranty theory by the father who purchased the equipment for his own consequential damages resulting from his son's injuries, and therefore necessarily collides with established law recognized in the Carter opinion. We accordingly find at the outset that the element of privity sufficiently appears upon the face of the complaint to support a claim by John O. McBurnette against respondent upon the theory of implied warranty.
The minor petitioner John Scott McBurnette, so far as material to the disposition of his cause here at this point, asserts only his right to recover for injuries resulting from the respondent retailer's breach of the warranty of merchantability, implied by law, that the equipment sold by it was reasonably fit to be used for the purpose for which it was sold. Because the question before us in these proceedings is purely one of sufficiency of the complaint upon the challenged ground, there is not presented any issue as to the existence or extent of the implied warranty sued on, or as to careless use or duty on the part of either petitioner to observe the hazard. It must be assumed that petitioners can prove the child's injuries occurred because the play equipment purchased for him by his father was defective and not of merchantable quality or reasonably safe to be used for the purpose for which it was made and sold, and that, by purchasing playground equipment for his minor son from respondent, a dealer in such special equipment, the senior petitioner came within "the class of cases where the buyer relies upon the seller's judgment of the fitness of a particular article for the purpose intended."[6] The sole issue is whether the respondent's implied warranty of fitness for use as play equipment ran only to the father or also *566 to his minor child for whose use it was sold.
Comments on all aspects of product liability law are now multitudinous, and the authorities in hopeless conflict.[7] The case at bar illustrates perfectly the absurdities which confront the courts: where the product or equipment involved is susceptible of use only by small children, then to confine the implied warranty of fitness for use to cover only damages to an adult purchaser, when the warranty is breached, is to deprive the merchantability warranty of any reasonable scope of operation whatever. In recognition of this and related problems legislative provisions have been made in other jurisdictions for warranties by a seller to cover any person "who is in the family or household of his buyer * * * if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty."[8] But where the implied warranty of merchantability is itself not of statutory creation, we think the question of its scope of operation in a particular situation is one peculiarly suited to judicial disposition, as evidenced by the so-called exceptions to the privity rule already recognized in our decisions.[9]
The problem at hand is essentially one of construction or presumed intent, since warranties can without doubt be framed by express intent of the parties to benefit and be enforceable by one other than the immediate contracting party.[10] We think common sense requires the presumption that one in the position of the minor plaintiff in this cause is a naturally intended and reasonably contemplated beneficiary of the warranty of fitness for use or merchantability implied by law, and as such he stands in the shoes of the purchaser in enforcing the warranty. This reasoning has been applied most often to permit recovery by members of a purchaser's household injured by contaminated food in jurisdictions which do not flatly except food sales from the confines of privity requirements,[11] but in a number of situations not involving food products courts have sanctioned warranty actions by parties for whose use a particular item was purchased.[12] Most recently, recovery has been permitted by one injured while wearing an inflammable hula skirt purchased by her aunt.[13] The latter case, on its facts and language, goes beyond the point necessary to dispose of the case at bar, but the opinion is a most valuable and exhaustive treatment of *567 the subject field. The court therein approves those decisions which base implied warranty liability upon a presumption or inference from the circumstances of a sale or the nature of the product sold that the seller intended to assume liability for or warrant against injury resulting from ordinary use by one other than the buyer in person: "It would be wholly opposed to reality to say that use by such persons is not within the anticipation of parties to such a warranty * * *."[14]
This presumption of intended benefit of implied warranties attaching to sales of goods for household use can be governed most logically by the principles controlling contracts for third party beneficiaries,[15] and we have no doubt of its justification not as a legal fiction but as a recognition of the facts of everyday existence: that the persons for whose use household goods or equipment are purchased, often necessarily by another, are the reasonably intended beneficiaries of any implied warranty of merchantability which may arise. It is obvious that the identity of interest between such parties imposes many special obligations and that it limits, under our law, their right of redress against each other. We imply, in the special field of liability here involved, a corollary right to assume a position as intended beneficiary of a contract of sale to or purchase by one of their number, distinct from whatever right a stranger may have to recover in a negligence action against a remote vendor when injuries are caused by defective merchandise. From the point of view of the contracting parties this does no more than to impute to a dealer the knowledge, which as a functioning member of society he has in fact, that many classes of merchandise are in the normal course of events purchased for family as well as personal use. By this means we define in practical terms the implied warranty which may arise in such sales transactions. Nor does this result in an infringement or abandonment of the basic principle upon which the requirement of privity in warranty actions is premised: that warranties do not "run with" personal property and consequently do not inure to the benefit of third parties who may subsequently acquire proprietary interest in the article warranted. The decision here is simply that an implied warranty may run initially to one in the position of the minor plaintiff.
The judgment below, to the extent that it is inconsistent with the conclusions in this opinion, is quashed and the cause remanded for further proceedings in accordance herewith.
ROBERTS, C.J., and TERRELL, THOMAS and HOBSON, JJ., concur.
NOTES
[1] Fla.App. 1961, 130 So.2d 117.
[2] 130 So.2d 117, at p. 118.
[3] 128 So.2d 393.
[4] 128 So.2d 392.
[5] Pinkerton-Hays Lumber Co. v. Pope, Fla. 1961, 127 So.2d 441.
[6] Lambert v. Sistrunk, Fla. 1952, 58 So.2d 434, 435; Smith v. Burdine's, Inc., 144 Fla. 500, 198 So. 223, 229, 131 A.L.R. 115.
[7] Anno. 75 A.L.R.2d 39; Hursh, American Law of Product Liability, 1961, Sect. 6:15 et seq.
[8] Uniform Commercial Code, Sec. 2-318, adopted in Connecticut, Kentucky, Massachusetts, New Hampshire, and Pennsylvania.
[9] Blanton v. Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313; Food Fair Stores of Florida, Inc. v. Macurda, Fla. 1957, 93 So.2d 860; Matthews v. Lawnlite Co., Fla. 1956, 88 So.2d 299.
[10] See Henningsen v. Bloomfield Motors, 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1, at p. 14.
[11] Greenberg v. Lorenz, 9 N.Y.2d 195, 213 N.Y.S.2d 39, 42, 173 N.E.2d 773, 776, 1961: "To decide the case before us, we should hold that the infant's cause of action should not have been dismissed solely on the ground that the food was purchased not by the child but by the child's father. Today when so much of our food is bought in packages it is not just or sensible to confine the warranty's protection to the individual buyer. At least as to food and household goods, the presumption should be that the purchase was made for all the members of the household".
[12] Blessington v. McCrory Stores Corp., 305 N.Y. 140, 111 N.E.2d 421, 37 A.L.R. 2d 698, action on behalf of a child burned in an inflammable cowboy suit purchased for him by his parent; Twombley v. Fuller Brush Co., 221 Md. 476, 158 A.2d 110, 1960, an action by a husband injured by spot remover purchased by his wife; Lindroth v. Walgreen Co., 329 Ill. App. 105, 115, 67 N.E.2d 595, 1946, an action in behalf of an infant injured by a vaporizer purchased by his mother.
[13] Chapman v. Brown, 198 F. Supp. 78 (U.S.D.C.Hawaii, 1961).
[14] Ibid., p. 101, quoting from Henningsen v. Bloomfield Motors, Inc., note 10 supra.
[15] "The rule in this state is that when a contract shows that it was intended to be for the benefit of a third party, such third party may, under section 4201, Comp.Gen.Laws, section 2661, Rev.Gen. St., sue thereon. In such cases the test is, not that the promisee is liable to the third person, or that there is some privity between them, or that some consideration moved from the third person, but that the parties to the contract intended that a third person should be benefited by the contract. It is the undertaking on the part of the promisor, as a consideration to the promisee, to benefit the third person, that gives rise to a cause of action by the beneficiary against the promisor, resting upon the contract itself. * * *" Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264, 265.