**VANDERCOOK AND SON, INC.,**
Appellant,

v.

**George F. THORPE, in his own right and for the Use and Benefit of Standard Accident Insurance Company, Appellee.**

**No. 19923.**

United States Court of Appeals
Fifth Circuit.

April 19, 1965.

———◇———

Francis P. Conroy, James C. Rinaman, Jacksonville, Fla., for appellant.

Robert M. Montgomery, Jr., Jacksonville, Fla., for appellee.

Before BROWN, Circuit Judge, and WHITEHURST,* District Judge.

## PER CURIAM:

After the filing of Plaintiff-Appellee's petition for rehearing, the Court requested that the parties submit briefs discussing the appropriateness of certifying to the Supreme Court of Florida the question of the Defendant's liability under the doctrine of implied warranty. See Fla.Stat. § 25.031; Clay v. Sun Ins. Office, Ltd., 1960, 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170, on certification, Fla., 1961, 133 So.2d 735, 5 Cir., 1963, 319 F.2d 505, reversed, 1964, 377 U.S. 179, 84 S.Ct. 1197, 12 L.Ed.2d 229; Green v. American Tobacco Co., 5 Cir., 1962, 304 F.2d 70, 85, on certification, Fla.1963, 154 So.2d 169, 5 Cir., 1963, 325 F.2d 674. Views were also sought as to the form and contents of any such certificate.

■ After full and further consideration we have determined that certification is unnecessary. We now conclude that under Florida law a manufacturer, as distinguished from the retailer of a product, may be held liable for breach of the implied warranty that the product manufactured is reasonably fit for the purposes intended without regard to whether the plaintiff is in privity of contract [1] although Thorpe, as an employee of the purchaser, may well fit within the expanded concept of privity developed in McBurnette v. Playground Equipment Corp., Fla., 1962, 137 So.2d 563. In Florida disregard of the privity concept is not restricted to food or related cases. The cited cases consistently establish that it is enough that the injured person be one of those reasonably intended to use the machine, and that when the injury occurred, the machine was being used generally in the manner intended.

■ Accordingly, the petition for rehearing is granted as to the Fifth Count of the Amended Complaint—the implied warranty theory—and denied in all other respects, including, of course, all theories of recovery basing liability on negligence of which we have held there is no evidence. But since the case was submitted on a general charge, it is impossible to tell if the jury found, or would have found, for the Plaintiff on implied warranty alone.[2]

Therefore the case is remanded for a new trial on the issue of the Defendant's liability for breach of implied warranty. Beyond this, as we have so often done, see, e. g., Duke v. Sun Oil Co., supra, note 2; Gulf Oil Corp. v. Wright, 5 Cir., 1956, 236 F.2d 46, we make no effort to predict or direct the outcome on remand. Both parties will be free to reframe the pleadings, take appropriate pretrial action, and introduce whatever admissible evidence desired, and the assessment of this evidence as to its sufficiency under the Florida standard is—as usual—initially for the trial Court based upon that record and that evidence without trying to match it against this one.

Reversed and remanded.

---

* The late Judge Ben F. Cameron concurred in the original opinion of September 19, 1963.

1. See Blanton v. Cudahy Packing Co., Fla., 1944, 154 Fla. 872, 19 So.2d 313; Cliett v. Lauderdale Biltmore Corp., Fla., 1949, 39 So.2d 476; Matthews v. Lawnlite Co., Fla., 1956, 88 So.2d 299; Continental Copper & Steel Ind., Inc. v. Cornelius, Fla.App., 1958, 104 So.2d 40; Carter v. Hector Supply Co., Fla., 1961, 128 So.2d 390; Smith v. Platt Motors, Inc., Fla.App., 1962, 137 So.2d 239; McBurnette v. Playground Equipment Corp., Fla.1962, 137 So.2d 563; Brookshire v. Florida Bendix Co., Fla.App., 1963, 153 So.2d 55; Green v. American Tobacco Co., Fla., 1963, 154 So.2d 169; Renninger v. Foremost Dairies, Inc., Fla. Dist. Ct. of App.3d Dist., [Feb. 9, 1965] 171 So.2d 602.

2. This illustrates again the desirability of using special interrogatories under F.R. Civ.P. 49(a) with a general charge where distinctive, or doubtful (or both), theories are at issue, or where the law is in a state of flux. See Duke v. Sun Oil Co., 5 Cir., 1963, 320 F.2d 853, 865, and the numerous cases cited in note 19; on petition for rehearing, 323 F.2d 518, 519.