204 So.2d 905 (1967)
Edwin WENTZEL, Jr. and Rita Wentzel, Appellants,
v.
Warren BERLINER, Appellee.
Edwin WENTZEL, Jr., Appellant,
v.
Warren BERLINER, Appellee.
Nos. 67-125, 67-126.
District Court of Appeal of Florida. Second District.
December 8, 1967.
Rehearing Denied January 3, 1968.
*906 Ronald C. Morgan, of Dillon & Morgan, Sarasota, for appellants.
G. Hunter Gibbons, of Dart, Bell & Dickinson, Sarasota, for appellee.
PER CURIAM.
Plaintiff-appellants are appealing from a summary judgment entered in favor of defendant-appellee. The plaintiffs suffered food poisoning which was allegedly contracted as a result of eating food served at a church fund-raising dinner. Defendant, a professional food caterer, was a member of the church and assisted in the preparation of the food. Plaintiffs' suit was based solely on the allegation that defendant had breached an implied warranty of fitness.
The pleadings, affidavits and depositions show that defendant was not engaged in a business venture but was acting merely as a member of the church who was interested in helping with the dinner. There was no contract between defendant and plaintiffs or between defendant and the church. Furthermore, at no time was defendant acting as a vendor. Admittedly, there need be no contractual privity between a plaintiff and defendant in a suit based upon breach of implied warranty of fitness of foodstuffs. Blanton v. Cudahy Packing Company, 1944, 154 Fla. 872, 19 So.2d 313. However, before the doctrine of implied warranty of fitness is applicable, there must be something more than mere voluntary activity on the part of the defendant. The trial court did not err by entering summary judgment.
Affirmed.
LILES, C.J., and PIERCE and HOBSON, JJ., concur.