William H. SMITH, Plaintiff,

v.

FIAT–ROOSEVELT MOTORS, INC., a New Jersey Corporation, Defendant.

No. 73–228–Orl–Civ–R.

United States District Court, M. D. Florida, Orlando Division.

Oct. 20, 1975.

Anthony I. Provitola, Provitola & McDermott, P. A., DeLand, Fla., for plaintiff.

Robert C. Gobelman, Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, Fla., for defendant.

## ORDER

REED, District Judge.

This cause came on for a hearing on 15 October 1975 on the defendant's Motion for Summary Judgment.

The Amended Complaint charged the defendant with liability on two theories of law. The first was that the defendant breached a warranty that the 1971 Fiat automobile in question was, ". . . reasonably fit for its intended use as a passenger automobile equipped with crashworthy seat backs and devices securing the same . . ." (¶ 4, Amended Complaint). The second theory of liability was that the defendant negligently designed and manufactured the automobile (Amended Complaint, ¶ 6). The negligence claim has been abandoned by the plaintiff. See Pre-trial Stipulation filed 3 March 1975 and Pre-trial Order filed 5 March 1975.

The factual situation has been either agreed on by the parties through the Pre-trial Stipulation or otherwise established by depositions or admissions by the plaintiff. On 9 June 1971, the plaintiff was seated in a 1971 Fiat automobile at an intersection in DeLand, Florida. The Fiat was struck from the rear by another vehicle. At the time of the impact, the back of the seat in which the plaintiff was seated collapsed "rearward." As a result of the accident, plaintiff was injured.

Prior to the accident, the Fiat had been sold by the defendant to DeLand Dodge Sales Corporation which, at the time of accident, was plaintiff's employer. The Fiat had been ordered by DeLand Dodge Sales Corporation from the defendant's Jacksonville office and was delivered to DeLand Dodge Sales Corporation in Jacksonville (Mr. Baumgartner's deposition, pages 16 and 17).

The defendant, a corporation organized under the laws of New York, has its principal place of business in New Jersey. It did not manufacture the vehicle, but did import the same into the United States for purpose of resale.

On the basis of the facts which have been established without controversy, the Court concludes that there is no genuine issue for trial and that the defendant is entitled to a summary judgment as a matter of law.

The plaintiff contends that the defendant impliedly warranted the vehicle in question to have been equipped with "crashworthy seat backs." Omitting from consideration any question of privity, the case law of Florida has never applied a warranty of this nature to one not the manufacturer of a motor vehicle.

In the case of *Evancho v. Thiel*, Fla. App., 1974, 297 So.2d 40, the District Court of Appeal for the Third District did hold:

". . . that an automobile manufacturer may be liable . . . for breach of an implied warranty where a defect in manufacture causes injury to a user as a result of a collision even though the defect was not a cause of the collision. . . ."

The *Evancho* case is distinguishable. A manufacturer can eliminate defects through careful design, manufacture and testing. For that reason, there may be a basis in fairness for imposing an implied warranty of crashworthiness on a manufacturer, although the wisdom of a judicial imposition of such a warranty is subject to question. See discussion in *Larsen v. General Motors, Corporation*, CA8, 1968, 391 F.2d 495, 506. A vendor that is not also a manufacturer does not have that opportunity to obviate defects in manufacture. Therefore, there is no basis in fairness for the imposition of the implied warranty on such a person, and presumably the Florida court system would not do so. See *Blanton v. Cudahy Packing Company*, 1944, 154 Fla. 872, 19 So.2d 313, 316.

The Uniform Commercial Code as adopted in Florida, with exceptions not pertinent here, imposes an implied warranty of merchantability on contracts for the sale of goods. Thus, Section 672.2–314(2)(c), F.S.A., provides that a seller warrants that goods, "Are fit for the ordinary purposes for which such goods are used . . .". This warranty is not applicable to the facts of the present case. The ordinary purpose of an automobile is not the engagement in collisions. In *Evans v. General Motors Corporation*, CA7, 1966, 359 F.2d 822, 825, the Court stated:

". . .

The intended purpose of an automobile does not include its participation in collisions with other objects, despite the manufacturer's ability to foresee the possibility that such collisions may occur . . .".

If the Florida Legislature had intended to impose a warranty which covered the use of goods in situations beyond their ordinary purpose, it would surely have done so in language more nearly suited to that end than the expression used. It is obvious that any scheme for the imposition of an implied warranty of crashworthiness must include carefully formulated standards of measurement. The absence of such would make the administration of the warranty nothing short of chaos with inevitable deprivation of fundamental rights to interested parties.

■■ There is an additional reason which supports the granting of a summary judgment in this case. Under Florida law where the plaintiff has suffered an injury from several causes, he has the burden of proving that damage

occurred from the defendant's act. See *Asgrow-Kilgore Co. v. Mulford Hickerson Corp.*, Fla.1974, 301 So.2d 441. In the present case, the testimony of the plaintiff's only medical witness demonstrates that the plaintiff is without competent substantial evidence to establish beyond mere speculation that the defendant's act in fact caused the plaintiff's injury. The plaintiff's doctor testified at page 89 of his deposition as follows.

"I think the question is: Can I divide or separate the injuries caused by the impact and those injuries which may or may not have been caused by the fact that the seat reclined?

I would have to say that I cannot."

On the basis of the deposition, the movant has made out a convincing showing that the plaintiff lacks competent evidence on an issue clearly essential to his recovery. The plaintiff has made no showing in rebuttal. See [*Burnham*] *Curl v. International Business Machines Corp.*, CA5, 1975, 517 F.2d 212, 214. It, therefore, appears to the Court that on two grounds the defendant's motion should be granted. As a matter of law, Florida law imposes no such warranty as the plaintiff herein is attempting to assert. Secondly, the plaintiff is without competent evidence to establish the causal relationship between the alleged defect and his damages.

On the basis of the foregoing, it is

Ordered and adjudged that the defendant's Motion for Summary Judgment is granted.

Further ordered that the Clerk of this Court shall enter a judgment in favor of the defendant and against the plaintiff.