## JACOBSON v. O'ROURKE.

No. 67-3-1500.

Small Claims Court, St. Lucie County.

March 28, 1967.

WILLIAM G. TYE, Judge.

This cause came on this date for a hearing in trial before the court without the intervention of a jury. From the testimony it appears that the plaintiff purchased, unseen, a used refrigerator from the defendant, a used appliance dealer, through one of his salesmen. It was testified that the salesman, who is no longer in the employ of the defendant, stated to the plaintiff that the unused portion of the warranty by the original purchaser would extend to the plaintiff thereby protecting her against any defect in the article sold. A sales slip was signed, dated October 3, 1966, and the refrigerator was delivered that afternoon. The next day a new part was installed in the refrigerator and thereafter a long history of difficulty was related to this court. The refrigerator is now in the possession of the defendant, who testified to this court that it is still not working properly. The plaintiff brought this suit to recover the purchase price of the refrigerator.

In any sale of an article, an implied warranty arises by operation of law, and exists irrespective of any intention of the seller to create it. It is a conclusion or inference of law. An implied warranty's origin arises and is used to promote high standards in business and to discourage sharp dealings. It rests on the foundation of business ethics and constitutes an exception to the maxim "Let the buyer beware," itself encompassing the idea that there is no warranty implied with respect to the quality of the goods being sold. To come into play, the exception must therefore spring from some moral obligation on the part of the seller, or perhaps more accurately, on the breach of some duty amounting to fraud or the taking advantage of the buyer by reason of some superior knowledge in the seller, or the reliance by the buyer on the seller's judgment.

On a sale of a quantity of personal property at hand and capable of inspection, the Florida Court in Lambert v. Sistrunk (1952), 58 So.2d 434, stated that no warranty is implied. The maxim "caveat emptor" applies in such cases, assuming there is no express warranty, in the absence of fraud on the part of the seller. In an encyclopedia of law (463 Am. Jur., *Sales,* §§338, 339) it is said that the tendency of the modern cases is to enlarge the responsibility of the seller, however, and frequently to imply a warranty on his part from acts and circumstances, whenever they were relied on by the buyer — so that the maxim "caveat emptor" seems gradually to have become restricted in its scope.

To invoke the warranty, the buyer must have relied upon the seller's skill or judgment in the choice of the thing tendered, this being a question of fact to be determined by the judge or jury under appropriate instructions or circumstances. Such reliance is not justified where the buyer and the seller have an equal opportunity to examine the article, the use of which is as well known to the buyer as to the seller.

There are no decisions in the state of Florida applicable to the laws recently adopted and commonly called the Uniform Sales Act. There is a case decided in the state of North Carolina, Hall Furniture Company v. Crane Mfg. Co., 169 N.C., 85 S.E. 35, LRA1915E 428, which stated that one selling a secondhand hearse not fit for use cannot retain the purchase price, although he expressly refused to warrant its condition and advised the purchaser to see it — because he was bound to furnish an article capable of being used. This case stated that where the sale is of a secondhand article to be shipped by the seller to the buyer, which the latter has no opportunity to inspect and which the

seller expressly refuses to warrant in any manner, there is nevertheless an obligation on the seller's part to deliver an article which is reasonably capable of use, and where the article delivered proves wholly worthless, the buyer is entitled to recover the price paid.

To this court the Uniform Sales Act, §15 (1), which provides for an implied warranty of fitness for a particular purpose under certain circumstances, applies to sales of all goods, whether new or secondhand. The court is supported in its conclusion by Drumar Min. Co. v. Morris Ravine Min. Co. 33 Cal.App. 2d 492, 92 P. 2d 424. See also Manheim v. Ford Motor Company, 201 So.2d 440.

It is accordingly ordered that the plaintiff, Marcella Jacobson, do have and recover of and from the defendant, John M. O'Rourke d/b/a Dependable Appliance, the sum of $246, together with the costs in this behalf expended and herein taxed at $11.50, for all of which let execution issue.