## MASON v. WACO SCAFFOLD & SHORING CO., Inc., et al.

No. 47886.

Circuit Court, Brevard County.

February 27, 1970.

James H. Nance and S. Sammy Cacciatore, Jr., both of Melbourne, for plaintiff.

Leonard N. D'Aiuto of Howell, Kirby, Montgomery & D'Aiuto, Rockledge, for defendants Waco Scaffold & Shoring Co., Inc. and Bliss & Laughlin Industries, Inc.

Sands, Smalbein, Eubank, Johnson & Rosier, Cocoa, for defendant American Pecco Corporation.

VOLIE A. WILLIAMS, Jr., Circuit Judge.

The court has considered the arguments and briefs filed by the parties in connection with the several motions to dismiss as filed by the defendants Waco Scaffold & Shoring Co., Inc., Bliss & Laughlin Industries, Inc., American Pecco Corporation and Robert Johnson Corporation.

The Supreme Court of Florida in Toombs v. Fort Pierce Gas Co., 208 So.2d 615, recognized the absurdity of requiring privity between the person injured and the seller of the personal property causing the injury. It did so by using the language — ". . . and the court there followed cases which 'reveal a more humane or reasonable trend of decisions in the disposition of such cases.' "

This determination is in keeping with an article appearing in 57 Colum. L. Rev. 653, 673-674 — "The expansion of enterprises engaged solely in bailment for hire seems to justify increasing imposition of absolute warranties, at least to the extent that they would be imposed upon a seller of similarly used goods. In addition, reliance is greater than in the typical sale, for it is generally true that the bailee for hire spends less time shopping for the article than he would in selecting like goods to be purchased, and since the item is not one he expects to own, he will usually be less competent in judging its quality."

The Supreme Court in Matthews v. Lawnlite Co., 88 So.2d 299, determined that a chair was a dangerous device. In McBurnette v. Playground Equipment Corp., 137 So.2d 563, the court determined that a minor not in privity could recover for a defective "sky-rider" purchased for him by his father. It can scarcely be gainsaid that if these two items are dangerous, certainly scaffolding designed to hold tons of poured concrete would be.

The growing social awareness of our society coupled with increasing sensitivity to the apparent "unfairness" of some phases of law and the courts' "straining at a gnat and swallowing a camel" approach, causes the public great dismay. For this court to bury its head in the sand and pretend it did not know what the rest of the world knows in connection with the rental of all manner of equipment in this day and age would be one of the absurdities of which I speak. Law must be as viable as the system in which it finds itself; else the people of this country may take a cue from the ancient Romans when they began electing horses to the Roman Senate.

In this day and age, distinctions between liabilities in bailment and sale should be over. This court so rules.

The court is also of the view the defendants are sufficiently apprised of the ultimate facts upon which the plaintiff grounds his cause.

Consequently, it is ordered and adjudged all motions to dismiss filed herein are denied. Each defendant shall have ten days from the service of this order in which to answer.