348 So.2d 5 (1977)
OUTBOARD MARINE CORPORATION and Commercial Union Assurance Company, Appellants,
v.
APECO CORPORATION et al., Appellees.
No. 76-1058.
District Court of Appeal of Florida, Third District.
As Corrected On Denial Of Rehearing July 28, 1977.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellants.
Corlett, Merritt, Killian & Sikes, Greene & Cooper, Miami, Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and A.H. Toothman, Miami, for appellees.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
This is an appeal by Outboard Marine Corporation from an order granting a directed verdict in favor of Apeco on Apeco's cross-claim for indemnity against Outboard Marine Corporation. The plaintiff, who is not a party to this appeal, sued for damages for injuries suffered in a pleasure boating accident. The complaint charged defendant Outboard Marine Corporation and Apeco Corporation on separate counts for negligence. It was alleged that Outboard Marine Corporation had furnished an inboard-outboard engine which was defective and which caused the accident in which the plaintiff was injured. It was alleged that Apeco Corporation, as the manufacturer and assembler of the boat, had negligently failed to design the boat to provide for reasonable safety features.
At the trial, it appeared from the plaintiff's evidence that the only proximate cause of the accident was the defect in the engine. Outboard Marine introduced the testimony of an expert witness who testified that in his opinion the boat should have had a longer and more efficient forward rail. The question presented is whether the evidence was sufficient to raise a jury issue that the design of the boat was a contributing factor to the injury of the plaintiff. Our review of the evidence convinces us that the trial court properly determined that the claimed inadequacy of the forward rail had no relationship to the injury of the plaintiff and that the defendant Apeco had no duty to design the boat in order to guard against the violent accident caused by the *6 failure of the steering mechanism, which was a part of the engine supplied by Outboard Marine Corporation. See Matthews v. Lawnlite Company, 88 So.2d 299 (Fla. 1956); Green v. American Tobacco Company, 154 So.2d 169 (Fla. 1963); and Royal v. Black and Decker Manufacturing Company, 205 So.2d 307 (Fla. 3d DCA 1967).
The appellant has also assigned error upon the court's order awarding attorney's fees and taxing costs but no independent argument is directed to this order, and we find no error upon the order.
Affirmed.